■ CHESTER AIRPORT, INC., Respondent, v. AEROFLEX CORPORATION, Appellant.— Order, entered on November 29, 1962, granting summary judgment to plaintiff, unanimously modified, on the law, to the extent of providing in the first and third decretal paragraphs that plaintiff is entitled to and shall recover for unpaid rent owing and in default up to June, 1962 on the first cause of action; and said order is otherwise affirmed, with $20 costs and disbursements to plaintiff. It is undisputed that the new tenant took possession in June, 1962, and plaintiff is entitled to recover for unpaid rent pursuant to the first cause of action only until that date (*Sagamore Corp.* v. *Willcutt*, 120 Conn. 315). Concur — Botein, P. J., Breitel, Valente, Stevens and Steuer, JJ. [37 Misc 2d 145.]

■ In the Matter of LOUIS W. VYNER.— Motion for reinstatement denied, without prejudice to a renewal thereof subsequent to March 26, 1964. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

## (March 28, 1963)

■ In the Matter of EDWARD S. MORAN, JR.— Motion for reinstatement denied. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

## SECOND DEPARTMENT, MARCH, 1963

## (March 4, 1963)

■ ERMALEE ADAMS, Respondent, v. JOHN L. LEON, JR., Appellant.— In a negligence action to recover damages for injury to person and property sustained as a result of an automobile accident, defendant appeals from an order of the Supreme Court, Nassau County, dated September 25, 1962, which granted plaintiff's motion for summary judgment and directed an assessment of damages. (Rules Civ. Prac., rule 113.) Order reversed, without costs, and motion denied. Plaintiff, a passenger in an automobile owned and operated by defendant, was injured when defendant, in making a "U-turn," allegedly skidded on sand and gravel, lost control of the automobile, and came in contact with a pole. In our opinion, the record presents a triable issue of fact as to defendant's negligence in the operation of the automobile. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.