■ WESTINGHOUSE CREDIT CORPORATION, Respondent, v N. D. P. AUTO SUPPLIES, INC., et al., Defendants, and HEJAC REALTY, INC., Appellant. — In an action to recover a sum of money, *inter alia,* upon a guarantee given by defendant Hejac Realty, Inc., Hejac appeals from so much of a judgment of the Supreme Court, Dutchess County (Cerrato, J.), dated August 3, 1981, as held it liable upon its guarantee. Judgment affirmed insofar as appealed from, with costs. Plaintiff seeks to recover, *inter alia,* upon a corporate guarantee given by the Hejac Realty, Inc. (Hejac) as collateral security for a line of credit extended by plaintiff to Rocket Stores, Inc. (Rocket). Rocket went bankrupt and this

appeal presents the issue of the validity of Hejac's guarantee. Hejac argues that the guarantee was not given in furtherance of the corporate purposes, and was not authorized by the holders of two thirds of the outstanding shares entitled to vote as required by section 908 of the Business Corporation Law. Rocket was a New York corporation headed by Richard Shafran as president, which operated a business in a building owned by Hejac. Rocket was owned by Richard Shafran, Helen Shafran and Abby Murkoff (the sister of Richard Shafran and daughter of Helen Shafran). Hejac is a New York corporation engaged in the business of owning and operating real estate in the City of Poughkeepsie. Helen R. Shafran is the owner of all the outstanding shares of Hejac. Although she was the sole owner she lived in Florida and left the running of Hejac totally to her son, Richard Shafran. Although Rocket was not a subsidiary of Hejac, we find that Rocket was sufficiently interrelated with Hejac with respect to ownership, common officers, employees and organization as well as tenancy so as to justify the conclusion that Hejac's guarantee was given in furtherance of its corporate purposes. (See *Chester Airport v Aeroflex Corp.*, 37 Misc 2d 145, mod on other grounds 18 AD2d 998.) Accordingly, shareholder approval was not required. (Business Corporation Law, § 908.) Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.