■ GARRICK-AUG ASSOCIATES STORE LEASING, INC., Respondent, v MADELINE WEIN et al., Appellants. [707 NYS2d 76] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered March 16, 1999, which, *inter alia*, granted plaintiff's motion for summary judgment on its third and fourth causes of action against the corporate defendant seeking, respectively, recovery of a commission and attorneys' fees under an exclusive brokerage agreement, denied defendants' cross-motion for summary judgment dismissing the complaint, and directed entry of judgment for plaintiff on the third cause of action in the amount of $35,643.84, plus interest, costs and disbursements, unanimously modified, on the law, to deny summary judgment to plaintiff and remand for further proceedings, and otherwise affirmed, without costs. Judgment, same court and Justice, entered August 24, 1999, awarding plaintiff attorneys' fees and disbursements in the total amount of $12,091.50, based on an order, same court and Justice, entered July 6, 1999, which confirmed a Special Referee's report, unanimously reversed, on the law, without costs, and the judgment vacated. Appeal from order, entered July 6, 1999, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

Plaintiff real estate broker brought this action against the corporate defendant to recover a commission allegedly due under an exclusive brokerage agreement. Plaintiff was hired to use its best efforts to find a buyer or assignee for a commercial lease. The lessee was defendant's wholly-owned subsidiary, Ben's Up 'n Up. The agreement provided that a commission would be due "upon sale and/or lease assignment and/or recapture by over landlord." The agreement also entitled plaintiff to receive "reasonable attorneys' fees, costs and expenses incurred by [plaintiff] in the collection of the Commission."

While the brokerage agreement was still in effect, the lease was terminated when Ben's Up 'n Up voluntarily surrendered it to the landlord. At issue is whether this method of termination constitutes a "recapture" within the meaning of the brokerage agreement.

We reverse the motion court's grant of summary judgment to plaintiff on its third cause of action for a commission and its fourth cause of action for attorneys' fees. The meaning of "recapture" in the brokerage agreement is a question of fact. The agreement was drafted by plaintiff's general counsel and

presented to defendant. Under these circumstances, ambiguities in the agreement should be construed against the drafter (*see, 67 Wall St. Co. v Franklin Natl. Bank*, 37 NY2d 245, 249). Recapture and surrender are not necessarily synonymous. The former connotes action by the landlord, the latter by the tenant.

Since the term "recapture" was employed here, it should not be presumed that the parties meant that *any* surrender, voluntary or involuntary, would trigger plaintiff's right to commissions. "Any ambiguity with respect to plaintiff's rights under the agreement must be resolved against plaintiff as the broker who drafted it" (*Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259, 267 [denying summary judgment to both parties in broker's action for commission]). As plaintiff has not yet established its entitlement to a commission, it would be premature to award attorneys' fees.

Plaintiff properly sued the corporate defendant, notwithstanding that the lessee was the latter's subsidiary, because the corporate officer who executed the agreement expressly noted beneath her signature that she was signing on behalf of the corporate defendant. To the extent, if any, an ultra vires defense is cognizable under these circumstances (*see*, Business Corporation Law § 203), the corporate defendant's execution of the agreement seeking to bring about the disposition of the lease held by its wholly-owned subsidiary was in furtherance of the corporate defendant's own corporate purposes (*cf., Chester Airport v Aeroflex Corp.*, 37 Misc 2d 145, 148-149, *mod on other grounds* 18 AD2d 998), and was thus authorized by Business Corporation Law § 202 (a) (7). Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.