■ DAVID LEWITTES, Appellant, v MARILYN BLUME, Respondent. [786 NYS2d 38]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered May 19, 2004, which, to the extent appealed from, denied plaintiff's motion for declaratory relief regarding support and maintenance, vacatur of income execution, direction to use a jointly selected physician and restitution, and granted defendant's cross motion to dismiss the complaint, unanimously affirmed, with costs.

A review of the parties' stipulation of settlement and divorce judgment reveals that they complied with the provisions of the Child Support Standards Act (CSSA; Domestic Relations Law § 240 [1-b] [h]; *see Gallet v Wasserman*, 280 AD2d 296 [2001]). Within the stipulation, the parties acknowledged that they were advised of and reviewed the statute's provisions, and acknowledged that the basic child support provisions governed their individual obligations. In factoring 25% of the parties' total combined income, which represents appropriate support for two children, the stipulation set forth an amount required under a strict application of the statute. It was apparent that the parties themselves did not consider the child support calculation they

chose to be a "deviation" from the CSSA. Not only did the judgment specifically provide that the "amount of child support agreed to in this action does not deviate from the amount attributable to [husband] when calculated upon total combined parental income in the amount of $137,500," but one section of the stipulation further provided that these "payments of child support" from plaintiff to defendant were "in compliance with the basic support obligations required under the Child Support Standards Act." To the extent that one of the stipulation's provisions may have suggested to the contrary, reading the stipulation as a whole and together with the judgment (*see Gallet v Wasserman, supra*) makes it clear that the stipulation fulfilled the CSSA requirements. It is further significant to note that the stipulation was drafted by counsel for plaintiff, who is himself an attorney, and thus any inconsistency should be construed against plaintiff (*see Garrick-Aug Assoc. Store Leasing v Wein*, 271 AD2d 344 [2000]).

Plaintiff's claim that the $137,500 was arbitrarily imputed to him is untenable. Unlike the cases on which he relies, the court here never imputed income to him. Rather, he voluntarily agreed to the imputation of that figure, and additionally submitted an affidavit substantiating the inference that that would be his yearly income.

That plaintiff has taken a lower paying position than what he had at the time of the stipulation does not warrant vacating the agreement, since he should not be rewarded with a decrease in his obligation due to a reversal of his financial condition brought about by his own action or inaction (*Hickland v Hickland*, 39 NY2d 1, 5 [1976], *cert den*ied 429 US 941 [1976]; *Kay v Kay*, 37 NY2d 632, 637 [1975]). Nothing about the stipulation or judgment creates an inference that their provisions for payment of support, to which he agreed, are unconscionable. Such an agreement will not be set aside unless it runs afoul of Chancellor Kent's oft-cited standard of an "inequality . . . so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense" (*Osgood v Franklin*, 2 Johns Ch 1, 23 [1816], *affd* 14 Johns 527 [1817]; *see McCaughey v Mc-Caughey*, 205 AD2d 330, 331 [1994]; *compare e.g. Tartaglia v Tartaglia*, 260 AD2d 628 [1999]).

Since it cannot be said that the stipulation or judgment is unenforceable or unconscionable, there is no basis to preclude defendant from taking the children to their current pediatric group when the stipulation specifically permits her to do so. Likewise, plaintiff is not entitled to any restitution.

Plaintiff's challenge to the dismissal of his request for greater

access to the children is unavailing. The court made this determination on the ground that he had failed to demonstrate a change of circumstances, or that a change in schedule was in the children's best interests. There was nothing improvident about the court's decision in this regard, since defendant's cross motion was based in part on CPLR 3211, which challenged plaintiff's statement of a cognizable cause of action (see Becker v Schwartz, 46 NY2d 401, 408 [1978]).

Finally, plaintiff's asserted effort to have Justice Lobis recused is not properly before this Court because he never requested such relief in his motion papers. Concur—Tom, J.P., Saxe, Williams, Sweeny and Catterson, JJ.