■ FRANCESCO ZAGARI, Appellant-Respondent, v MARY ZAGARI, Respondent-Appellant. [797 NYS2d 675]—

Appeal and cross appeal from a judgment of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered June 11, 2004 in a divorce action. The judgment, among other things, awarded plaintiff maintenance and counsel fees.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals and defendant cross-appeals from a judgment entered in this divorce action. We conclude that Supreme Court's award of maintenance, which was determined following a thorough analysis of the finances of the parties, was not an abuse of discretion (*see generally Anderson v Anderson*, 286 AD2d 967, 969 [2001]). Nor did the court err in naming plaintiff as a fourth primary beneficiary of defendant's life insurance policy along with defendant's three daughters. Contrary to plaintiff's contention, the 1992 agreement between the parties requiring defendant to "designate [plaintiff] as primary beneficiary on all policies of life insurance insuring her life" does not require a contrary result. Pursuant to the express terms of that agreement, plaintiff was entitled to be named as a primary beneficiary, not as the sole beneficiary, and we note that the court considered the fact that, under the agreement, plaintiff was entitled to the entire estate of defendant upon her death. We reject the further contention of plaintiff that the court erred in construing the agreement, which was drafted by his attorney, against plaintiff (*see generally 151 W. Assoc. v Printsiples Fabric Corp.*, 61 NY2d 732, 734 [1984]; *Lewittes v Blume*, 13 AD3d 104, 105 [2004]), in limiting his rights to

defendant's pension and early retirement incentive as well as defendant's "403 (B) plan and TSA account." Those items were separately acquired by defendant during the marriage and, thus, under the terms of the agreement, were to remain her separate property. Finally, the court did not abuse its discretion in awarding counsel fees to plaintiff in the amount of $3,000 (*see generally DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.