■ THOMAS J. ROMANS, Appellant, v BARBARA L. ROMANS, Respondent. [612 NYS2d 164] —In a matrimonial action in which the parties were divorced by judgment dated March 11, 1976, the plaintiff former husband appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.) entered January 7, 1992, as denied, without a hearing, that branch of his motion which was to compel the defendant former wife to contribute to the costs related to the post-secondary education of the parties' children.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and new determination.

In reviewing the former husband's application, the Supreme Court applied the "special circumstances" test, a standard which no longer applies *(see, Manno v Manno,* 196 AD2d 488; *Cohen v Cohen,* 203 AD2d 411; *Matter of Cassano v Cassano,* 203 AD2d 563 [decided herewith]). Although the parties' prior separation agreement was silent as to the costs of college, this does not necessarily mean that an agreement was reached pursuant to which college costs would not constitute a component of the parents' obligation to pay child support, particularly in light of the fact that the child support provision contained in the agreement applied only until the children reach the age of 18 years *(cf., Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Boden v Boden,* 42 NY2d 210;

*Gustin v Gustin,* 188 AD2d 513). Thus, the appropriate standard by which the former husband's application should be reviewed is the discretionary one found in Domestic Relations Law § 240 (1-b) (c) (7) *(see, Manno v Manno, supra; Cohen v Cohen, supra; Matter of Cassano v Cassano, supra).*

Under the particular circumstances of this case, and in light of the conflicting factual assertions made in the parties' affidavits, the matter should be remitted to the Supreme Court for a hearing and new determination. Any award of child support relative to college costs should be made retroactive only to the date of the former husband's application *(see,* Domestic Relations Law § 240 [1]; § 236 [B] [7] [a]) and one of the factors to be considered by the court in making its determination pursuant to Domestic Relations Law § 240 (1-b) (c) (7) should be the extreme lateness of the former husband's application and the consequential prejudice which this may have caused. Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.