■ Arthur Otero, Appellant, v Eva Otero, Respondent. [636 NYS2d 22] —Order of the Supreme Court, Bronx County (Alan Saks, J.), entered March 2, 1995, which denied plaintiff's application to increase child support, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court for a determination of defendant's fair share of university expenses.

The parties have one child, Anthony, born June 12, 1974. Pursuant to judgment of divorce entered August 25, 1990, the parties were awarded joint custody of Anthony, with visitation and child care expenses equally divided. The judgment requires each party to pay one half of the tuition at "the private school that * * * Anthony Otero attends." By stipulation so ordered by the court on April 12, 1991, the parties modified the judgment of divorce to provide that Anthony live full-time with plaintiff father and that defendant mother pay $630 a month

in child support until Anthony is emancipated. "Emancipation" is defined, insofar as relevant under the circumstances, as attainment of the age of 21 years, 22 years if attending college on a full-time basis. Neither the judgment nor the stipulation contains any provision for college tuition or expenses.

In October 1994, plaintiff moved to modify the judgment and stipulation to increase his child support payments to reflect the increase in expenses incurred by Anthony's enrollment at Syracuse University. Supreme Court denied the motion, holding that plaintiff failed to demonstrate an unanticipated or unreasonable change of circumstances warranting an upward modification in child support (citing *Matter of Boden v Boden*, 42 NY2d 210).

This matter is indistinguishable from *Matter of Cohen v Rosen* (207 AD2d 155, *lv denied* 86 NY2d 702), in which the Appellate Division, Third Department, held *(supra,* at 157-158) that the Child Support Standards Act (L 1989, ch 567) supersedes application of the unanticipated circumstances criterion of *Boden (supra).* The Court stated that the *Boden* test, as well as the inability to provide adequate support criterion enunciated in *Matter of Brescia v Fitts* (56 NY2d 132), are limited to ordinary support obligations such as food, shelter and clothing. Construing Family Court Act § 413 (1) (c) (7), the Court ruled that "the determination of postsecondary education expenses is a separate item in addition to the basic child support obligation * * * to be determined by the court (*see, Matter of MacVean v MacVean*, 203 AD2d 661, 663) when appropriate", according to the statutory criteria (*Matter of Cohen v Rosen, supra,* at 157). Consonant with this view are cases of the Appellate Division, Second Department, holding that the identical language of Domestic Relations Law § 240 (1-b) (c) (7) confers discretion to direct contribution for a child's college expenses in the absence of either special circumstances or the voluntary agreement of the parties (*Cohen v Cohen*, 203 AD2d 411; *Romans v Romans*, 203 AD2d 549; *Manno v Manno*, 196 AD2d 488).

It is far from clear that, at the time judgment of divorce was entered in August 1990, when Anthony was just 16, or at the time judgment was modified by the April 1991 stipulation, when he was not yet 17, that plans for his post-secondary education had been formulated. The burden of Anthony's college education has fallen disproportionately upon plaintiff, and a hearing is appropriate to award educational expenses "having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice

requires" (Domestic Relations Law § 240 [1-b] [c] [7]). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.