■ ROBIN MITNICK, M.D., Appellant, v JESSE ROSENTHAL, M.D., Respondent. [789 NYS2d 12]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered September 26, 2003, which, in postjudgment divorce proceedings, insofar as appealed from as limited by the briefs, denied plaintiff mother's motion to compel defendant father to pay their son's college expenses, and granted the father's cross motion to compel the mother to pay such expenses out of the son's custodial accounts, unanimously affirmed, without costs.

The IAS court properly exercised its discretion in directing that the child's custodial accounts, which were originally funded by a close friend of the father with the mother as custodian, be used by the mother to pay the son's college expenses and exhausted before the parties pay such expenses themselves (Domestic Relations Law § 240 [1-b] [c] [7]; *see Otero v Otero*, 222

AD2d 328, 329 [1995]; *Turecki v Turecki,* 211 AD2d 450 [1995], *lv dismissed* 85 NY2d 967 [1995]). Like the IAS court, we reject the mother's argument that the divorce judgment addressed the issue of future college expenses in the provision pertaining to the parties' respective obligations for the payment of "tuition and other related school expenses billed and charged by the private or religious schools that the children attend" (*cf. Gallet v Wasserman,* 280 AD2d 296, 298 [2001]; *Zion v Zion,* 201 AD2d 404 [1994]). The IAS court also properly found that the parties had, during the marriage, "discussed, planned and assumed" that the custodial accounts would be used to pay the son's college expenses, based on the mother's failure to explicitly deny the father's allegations to that effect. We have considered plaintiff's other arguments and find them unavailing. Concur—Friedman, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.