■ JANICE JEFFERSON, Appellant, v WILLIAM JEFFERSON, Respondent. [800 NYS2d 612]—

In a matrimonial action in which the parties were divorced by judgment dated March 13, 2001, the plaintiff appeals from stated portions of an order of the Supreme Court, Orange County (McGuirk, J.), dated August 25, 2004, which, inter alia, denied, without a hearing, that branch of her motion which was to vacate the child support provisions of the parties' separation agreement on the ground that they did not comply with Domestic Relations Law § 240 (1-b) (h).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to vacate the child support provisions of the parties' separation agreement on the ground that they did not comply with Domestic Relations Law § 240 (1-b) (h), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a determination of the parties' respective financial circumstances, including income, expenses, and standard of living, as of December 6, 2000, and for a determination of the appropriate amount of child support to be paid based thereon; and it is further,

Ordered that in the interim, the defendant shall continue to pay child support in the sum of $360 per week, in biweekly installments, in accordance with the parties' separation agreement.

The child support provisions of the parties' December 6, 2000, separation agreement (hereinafter the agreement) deviated from the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; hereinafter the CSSA) in that the agreement failed to take into account the combined parental income in excess of $80,000 (*see* Domestic Relations Law § 240 [1-b] [c] [1]-[3]; *Matter of Cassano v Cassano*, 85 NY2d 649 [1995]; *Mercer v Mercer*, 4 AD3d 508, 510 [2004]). Domestic Relations Law § 240 (1-b) (h) provides that a validly-executed support agreement which deviates from the basic child support obligation set forth in the CSSA must specify, inter alia, the amount that the basic child support obligation would have been under the CSSA and the reason or reasons that the agreement does·not provide for payment of that amount.

Here, the agreement failed to set forth the presumptively correct amount of support that would have been fixed pursuant to the CSSA, and failed to articulate the reason the parties chose to deviate from the CSSA guidelines. Consequently, the child support provisions of the agreement are invalid and unenforceable and the Supreme Court should have granted that branch of the plaintiff's motion which sought their vacatur (*see Warnecke v Warnecke*, 12 AD3d 502, 503-504 [2004]; *Lepore v Lepore*, 276 AD2d 677, 678 [2000]; *Cardinal v Cardinal*, 275 AD2d 756, 757-758 [2000]; *Tartaglia v Tartaglia*, 260 AD2d 628, 629 [1999]; *Matter of Bill v Bill*, 214 AD2d 84, 90-91 [1995]; Domestic Relations Law § 240 [1-b] [h]). Accordingly, we remit the matter to the Supreme Court, Orange County, for a new determination of appropriate child support, based on the parties' respective incomes, expenses, and standard of living at the time the agreement was executed.

The Supreme Court correctly denied that branch of the plaintiff's motion which was for an upward modification of child support based on a change in circumstances. The agreement was incorporated, but not merged, into the parties' judgment of divorce, and the plaintiff failed to demonstrate the requisite unreasonable or unanticipated change in circumstances warranting such a modification (*see Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]).

The plaintiff's remaining contentions are without merit. Florio, J.P., H. Miller, Ritter and Rivera, JJ., concur.