■ JANET M. YOELL-MIREL, Respondent, v GLENN MIREL, Appellant. [826 NYS2d 345]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated December 2, 2005, as, upon a decision of the same court dated October 25, 2005, which, after a hearing, denied his cross application, in effect, to set aside the provisions of the parties' separation agreement relating to economic issues, incorporated, but did not merge, the provisions of the separation agreement

relating to economic issues, as rewritten by the court, and denied all other claims for relief. The notice of appeal from the decision dated October 25, 2005 is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the cross application, in effect, to set aside the provisions of the parties' separation agreement relating to economic issues is granted, the provisions of the separation agreement relating to economic issues are set aside, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith.

The plaintiff wife commenced this action for a divorce and ancillary relief, and sought to incorporate the provisions of a March 7, 2003 separation agreement (hereinafter the agreement) between the parties into the judgment. The agreement was apparently drafted by the wife and signed by the parties without legal counsel. The husband argued, inter alia, that the portions of the agreement which related to economic issues were not fair and reasonable when entered into, and that it would be unconscionable to incorporate those portions of the agreement into the judgment. Moreover, he asserted, the agreement neither waived nor adequately addressed various significant economic issues. After a hearing, the Supreme Court granted the wife a divorce, and entered a judgment incorporating the terms of the agreement which related to economic issues, except for a provision concerning the marital home, which the Supreme Court determined denied the husband his interest in a significant marital asset without countervailing benefit. Consequently, the Supreme Court rewrote that provision to provide the wife with a more limited interest in the marital home, and incorporated the rewritten provision into the judgment. The Supreme Court denied "all other claims for relief." The defendant husband appeals from so much of the judgment as incorporated the terms of the agreement which related to economic issues, as rewritten, and denied all other claims for relief. We reverse.

The Supreme Court erred in rewriting rather than setting aside the provision of the agreement concerning the marital home (*see Christian v Christian,* 42 NY2d 63 [1977]; *Aivaliotis v Continental Broker-Dealer Corp.,* 30 AD3d 446 [2006]; *Matter of Matco-Norca, Inc.,* 22 AD3d 495 [2005]; Domestic Relations Law § 236 [B] [3]). This is not to say, however, that the Supreme Court's resolution of the issue would not be appropriate under the Domestic Relations Law and the principles of equitable distribution. Further, the Supreme Court erred in entering a judg-

ment incorporating the provision of the agreement concerning child support. The provision concededly neither complied with nor validly opted out of the relevant statutory guidelines (*see Jefferson v Jefferson,* 21 AD3d 879 [2005]). Finally, the Supreme Court erred in incorporating the remaining portions of the agreement which related to economic issues and dismissing all other claims for relief. As correctly noted by the husband, the agreement neither waived nor adequately addressed various significant economic issues. Given the interrelated nature of the economic issues addressed by the provisions of the agreement and those not adequately addressed by the agreement, the whole of the agreement as it related to economic issues should have been set aside. Thus, we remit the matter to the Supreme Court, Putnam County, for a determination of the economic issues in accordance with the Domestic Relations Law and the principles of equitable distribution after the completion of discovery. Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.