■ LENORE GIPP, Appellant, v FREDERICK GIPP, Respondent. [829 NYS2d 630]—

In a matrimonial action in which the parties were divorced by judgment entered March 21, 2000, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated October 4, 2005, as denied her motion, inter alia, to enforce a provision of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, requiring the parties to share equally the proceeds from the sale of a certain golf course, by directing the defendant to pay the plaintiff the alleged value of the golf course at the time the parties entered into the stipulation.

Ordered that the order is affirmed insofar as appealed from, with costs.

A stipulation of settlement is a contract subject to principles of contract interpretation (*see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]). When the terms of a written contract are clear and unambiguous, the intent of the parties must be gleaned from within the four corners of the instrument (*see Herr v Herr*, 5 AD3d 550, 551-552 [2004]). The parties' stipulation of settlement and judgment of divorce each contained a provision relating to the equitable distribution of their respective interests in a certain golf course located in the state of Georgia (hereinafter collectively the provision). Pursuant to the provision, the parties would share equally in the proceeds of the sale of the golf course. Approximately 15 months after the parties were divorced, however, the golf course was foreclosed upon and sold pursuant to a power of sale in a security deed.

The provision relating to the equitable distribution of the golf course was clear and unambiguous. It did not compel the defendant to provide the plaintiff with a sum certain upon the sale of

the golf course (*see Herr v Herr, supra* at 552). Thus, the Supreme Court properly denied the plaintiff's motion, inter alia, to enforce the provision by directing the defendant to pay the plaintiff the alleged value of the golf course at the time the parties entered into the stipulation.

The plaintiff's remaining contention is without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.