■ In the Matter of MICHELE VIEHL, Appellant, v STEVEN LOUIS VIEHL, Respondent. [— NYS2d —]—

In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Davidson, J.), entered September 22, 2005, as granted that branch of the respondent's motion which was for reargument, and upon reargument, in effect, vacated its prior order entered December 15, 2004, sustaining, in part, her objection to stated portions of an order of the same court (Furman, S.M.), entered September 13, 2004, and thereupon denied the objection in its entirety and reinstated the portion of the order entered September 13, 2004, which, after a hearing, denied the petition.

Ordered that the order entered September 22, 2005 is modi-

fied, on the facts, by deleting the provision thereof which, upon reargument, in effect, denied the objection to the order entered September 13, 2004, in its entirety and reinstated that portion of the order entered September 13, 2004, which, after a hearing, denied the petition, and substituting therefor a provision, upon reargument, (a) denying the objection except insofar as the objection was to that part of the order entered September 13, 2004, which determined the amount of the credit to which the respondent was entitled for the year 1998, (b) remanding the matter to the Support Magistrate to determine the amount of such credit, and (c) holding that part of the objection in abeyance pending the remand; as so modified, the order entered September 22, 2005, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

"In determining support issues, the [hearing] court has broad discretion in weighing the relative financial positions of the parties and in evaluating their testimony . . . and its findings are entitled to great deference on appeal" (*Creem v Creem,* 121 AD2d 676, 677 [1986] [citations omitted]).

The respondent former husband, obligated by the parties' stipulation of settlement (hereinafter the stipulation) and judgment of divorce to pay maintenance to the petitioner former wife biweekly until May 2006, stopped making maintenance payments in February 2003. The petitioner commenced this proceeding seeking maintenance arrears and an order directing the respondent to resume payments pursuant to the terms of the stipulation and the judgment of divorce. The respondent contended that the parties had agreed that extra payments he made directly to the petitioner and to third parties on her behalf would be credited against his future maintenance obligations. According to the respondent, and as found by the Support Magistrate, those extra payments exceeded $96,000, the total amount of maintenance due.

There is sufficient support in the record for the Support Magistrate's finding that the petitioner agreed to this arrangement, based on the two revised maintenance payment schedules the petitioner signed on October 29, 2001 and October 25, 2002, respectively, as well as the testimony by both parties that she consistently accepted the additional money without protest. While the petitioner claimed that she did not sign these documents voluntarily, the Support Magistrate was presented with an issue of credibility, and the documents and the testimony support the Support Magistrate's determination that there was no coercion.

However, the evidence in the record supports the petitioner's contention that the respondent's payment of $25,467.55 to Bryn Mawr College was for the daughter's educational expenses incurred prior to March 23, 1998, the date of the stipulation, pursuant to which the petitioner became responsible for such expenses. Therefore, the respondent was not entitled to a credit for any of that amount, because at the time, it was not the petitioner's obligation. As it is unclear from the record whether the Support Magistrate improperly credited the respondent with any or all of this payment, the matter should have been remanded to the Support Magistrate (see Family Ct Act § 439 [e]) to determine the amount of the improper credit, if any. If, as a result, the amount of extra payments and maintenance paid was less than $96,000, the total amount of the respondent's maintenance obligation, the petitioner is entitled to an award of arrears in the amount of the difference and the objection should be sustained to that extent.

The petitioner's remaining contentions are without merit (see Matter of Gambacorta v Gambacorta, 45 AD3d 839 [2007]). Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.