■ Tracy Colucci, Also Known as Tracy Guadagno, Appellant, v Peter Colucci, Respondent. [864 NYS2d 67]—

In a matrimonial action in which the parties were divorced by judgment dated July 21, 1997, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated August 16, 2007, which granted that branch of the defendant's motion which was for a downward modification of his obligation to pay 100% of the college education expenses for the parties' children, as provided in their stipulation of settlement dated June 10, 1997, to the extent of reducing his obligation from 100% to 75%.

Ordered that the order is reversed, on the law, with costs, and

that branch of the defendant's motion which was for a downward modification of his obligation to pay 100% of the college education expenses for the parties' children, as provided in their stipulation of settlement dated June 10, 1997, is denied.

The plaintiff mother and the defendant father, who have two children of their marriage, were divorced in 1997. They entered into a stipulation of settlement, which was incorporated but not merged into the judgment of divorce. The parties agreed in the stipulation of settlement to be bound by, and for the stipulation to comply with, the provisions of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; Family Ct Act § 413 [1] [b]) (hereinafter the CSSA).

The stipulation of settlement provides, under the section entitled "CHILD SUPPORT," that the father must pay the mother a set amount per month in basic child support, which amount was determined in accordance with the CSSA. The stipulation of settlement further provides, in the child support section, that the parties are to share on a pro rata basis any child care expenses incurred by the mother that are necessary for her work or for school leading to work, as well as the costs associated with the children's extracurricular activities. The stipulation of settlement also provides, in the child support section, that the parties are to exchange their federal income tax returns annually in order to make any necessary adjustments to the father's basic child support obligation and to the parties' pro rata basis underlying the amount of child support that would be due under the CSSA.

Under a separate section of the stipulation of settlement entitled "COLLEGE EXPENSES," the father agreed to be solely responsible for the children's college education expenses.

In June 2007, 10 years after the stipulation was executed and 2 months before the older child was to start college, the father moved, inter alia, for a downward modification of his obligation to pay for the children's college education expenses. Claiming that his income had decreased and the mother's had increased since the divorce, the father asked the Supreme Court to "reallocate" the parties' respective obligations with respect to the children's college education expenses, based on the parties' current incomes, so that he would pay 62% of the expenses, and the mother would pay the remainder. In opposition, the mother contended that, in accordance with the stipulation of settlement, the parties agreed that the father would pay 100% of the children's college education expenses regardless of any change in the parties' income. Concluding that there was a "change in circumstances," and purporting to take into account the best

interests of the children, the Supreme Court granted that branch of the father's motion which was for a downward modification of his obligation to pay the children's college education expenses, to the extent of directing the father to pay 75% of those expenses. The mother appeals. We reverse.

The terms of a separation agreement "incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]). Further, " '[a] matrimonial settlement is a contract subject to principles of contract interpretation . . . [and] a court should interpret the contract in accordance with its plain and ordinary meaning' " (*Herzfeld v Herzfeld*, 50 AD3d 851, 851 [2008], quoting *Edwards v Poulmentis*, 307 AD2d 1051, 1052 [2003]). Where a matrimonial settlement "is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence" (*Herzfeld v Herzfeld*, 50 AD3d 851, 852 [2008]).

Here, the parties' stipulation of settlement expressly obligates the father to pay 100% of the children's college education expenses, in addition to, and separate and apart from, his obligation to pay child support. Notably, the provision in the stipulation requiring the father to pay 100% of the children's college education expenses is set forth in a section of the stipulation separate from the section containing his obligation to pay child support, and the two sections do not reference each other in any manner. Significantly, only the section pertaining to child support contains provisions regarding reallocation of the parties' respective obligations should there be any change in the income of either one.

Under the circumstances, it is apparent that the parties agreed that college education expenses would not constitute a component of their obligation to pay basic child support (*see generally Matter of Meccico v Meccico*, 76 NY2d 822, 824 [1990]; *Cimons v Cimons*, 53 AD3d 125 [2008]; *Herzfeld v Herzfeld*, 50 AD3d 851 [2008]; *Matter of Dorcean v Longueira*, 44 AD3d 770 [2007]; *Tryon v Tryon*, 37 AD3d 455, 457 [2007]; *Regan v Regan*, 254 AD2d 402, 403 [1998]; *cf. Romans v Romans*, 203 AD2d 549 [1994]). It is also apparent from the stipulation of settlement that the parties intended that the father's obligation to pay 100% of the children's college education expenses was not subject to modification based on any change in the parties' respective incomes. While Domestic Relations Law § 240 (1-b) (h) requires stipulations and agreements to contain a provision that the parties were advised of the CSSA and knowingly "opted-out" of its provisions (*see Maser v Maser*, 226 AD2d 684, 686

[1996]), that provision specifically applies only to "[b]asic child support," which generally does not include college education expenses (*see* Domestic Relations Law § 240 [1-b] [b] [1]; *Cimons v Cimons,* 53 AD3d 125 [2008]; *see generally Matter of Maksimyadis v Maksimyadis,* 275 AD2d 459, 461 [2000]). Under such circumstances, there is no basis for the court to interfere with the parties' contractual agreement requiring the father to pay 100% of the children's college expenses (*cf. Otero v Otero,* 222 AD2d 328, 329 [1995]; *Romans v Romans,* 203 AD2d 549, 549-550 [1994]).

The father's remaining contentions are without merit. Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.