GLYNNIS SORRENTINO, Respondent, v EDWARD PEARLSTEIN, Appellant. [867 NYS2d 113]—

In a matrimonial action in which the parties were divorced by judgment entered August 1, 2006, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Ross, J.), dated September 5, 2007, as granted that branch of the plaintiff's motion which was to direct him to rescind a form 1099-MISC that he directed be issued to her.

Ordered that the order is affirmed insofar as appealed from, with costs.

As part of their divorce action, the parties entered into a settlement agreement on December 21, 2005, that subsequently survived the judgment of divorce. In pertinent part, the settlement agreement provided that the defendant anticipated receiving, from the sale of a building, a real estate brokerage commission in the sum of $990,000 (hereinafter the commission), of which the plaintiff would receive one-half, as part of her equitable distribution award. Further, the defendant was to be solely responsible for the parties' 2005 tax liability. However, if the plaintiff's distributive award from the commission equaled or exceeded the sum of $495,000, then her tax liability would be based on her 2005 income, except that "in no event" would her total tax liability exceed $15,000. The settlement agreement also provided that if the plaintiff's distributive award from the commission earned by the defendant equaled or exceeded the

sum of $495,000, the defendant's obligation to pay maintenance would immediately terminate, and his obligation to pay the plaintiff's health insurance premiums would be reduced from a period of five years to a period of one year.

In early 2006, the defendant remitted to the plaintiff, pursuant to the settlement agreement, the sum of $495,000, representing her one-half distributive award of the commission earned by him. The defendant thereafter directed that the plaintiff be issued a Form 1099-MISC for "income" in the sum of $495,000 based on that award. The plaintiff then moved, inter alia, to direct the defendant to rescind the Form 1099-MISC as being in violation of the settlement agreement. The Supreme Court granted that branch of the motion. We affirm.

Where a settlement agreement that is incorporated but not merged into a judgment of divorce is "clear and unambiguous on its face," the parties' intent will be determined "from within the four corners of the instrument" (*Matter of Meccico v Meccico,* 76 NY2d 822, 824 [1990]; *see Herzfeld v Herzfeld,* 50 AD3d 851 [2008]; *Gipp v Gipp,* 37 AD3d 406 [2007]; *Malleolo v Malleolo,* 287 AD2d 603 [2001]). An ambiguity exists only if the contract is susceptible to more than one reasonable interpretation (*see Nappy v Nappy,* 40 AD3d 825, 826 [2007]; *Pellot v Pellot,* 305 AD2d 478, 480 [2003]).

The Supreme Court correctly determined that article XI, ¶ 1 of the settlement agreement unambiguously provided that the plaintiff's tax liability would be limited to $15,000, if she received, as she did, an equitable distribution award from the commission earned by the defendant equal to or exceeding the sum of $495,000. Contrary to the defendant's contention, the unambiguous language of the settlement agreement does not provide that the plaintiff's tax liability would exceed $15,000 if she received such award after 2005. Moreover, the settlement was not manifestly unfair since, in consideration of the defendant becoming liable for all but $15,000 of the parties' tax liability in the year he received the commission, the defendant was immediately relieved of his obligation to pay spousal maintenance and his obligation to pay for the plaintiff's health insurance premiums was reduced from a period of 5 years to a period of only 1 year. We also note that the form 1099-MISC was improperly issued since the $495,000 the defendant remitted to the plaintiff was part of the plaintiff's equitable distribution award, and was thus not taxable as ordinary income (*see* Domestic Relations Law § 236 [B] [1] [b]).

The defendant's remaining contentions are without merit. Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.