■ FERDINAND S. KOSNAC III, Respondent, v STEPHANIE T. KOSNAC, Appellant. [875 NYS2d 504]—

In a matrimonial action in which the parties were divorced by judgment dated February 28, 2003, the defendant appeals from an order of the Supreme Court, Richmond County (Silber, J.), dated January 18, 2008, which denied her motion, inter alia, to find the plaintiff in violation of the child support provisions of

the parties' stipulation of settlement and judgment of divorce, to direct an audit of the corporate books and records of the plaintiff's business, and to compel the plaintiff to provide documentation regarding an inheritance.

Ordered that the order is affirmed, with costs.

A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation (*see Matter of Meccico v Meccico,* 76 NY2d 822, 823-824 [1990]; *Shanon v Patterson,* 38 AD3d 519 [2007]; *Gipp v Gipp,* 37 AD3d 406 [2007]; *Rivers v Rivers,* 35 AD3d 426, 428 [2006]). Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence (*see Matter of Meccico v Meccico,* 76 NY2d at 824; *Sorrentino v Pearlstein,* 55 AD3d 901 [2008]; *Colucci v Colucci,* 54 AD3d 710 [2008]; *Herzfeld v Herzfeld,* 50 AD3d 851 [2008]; *Clark v Clark,* 33 AD3d 836 [2006]). An ambiguity exists only where "the agreement on its face is reasonably susceptible to more than one interpretation" (*Chimart Assoc. v Paul,* 66 NY2d 570, 573 [1986]; *Sorrentino v Pearlstein,* 55 AD3d 901 [2008]; *Nappy v Nappy,* 40 AD3d 825 [2007]; *Clark v Clark,* 33 AD3d 836 [2006]).

Here, the stipulation of settlement in which the father agreed to pay support for the parties' five children in a sum which exceeded his statutory obligation under the Child Support Standards Act (CSSA) (Domestic Relations Law § 240 [1-b]) provided that as each child becomes emancipated, "support for such child shall cease and the child support paid shall be reduced proportionately." Contrary to the mother's contention, this provision is clear and unambiguous, and reflects an intent to reduce the father's support obligation by one fifth of the original amount as each child becomes emancipated. Furthermore, there is no language in the stipulation which supports the mother's contention that the parties intended that child support be recalculated upon the emancipation of each child by applying the CSSA guidelines to the parties' income at the time of emancipation. Accordingly, the Supreme Court properly denied that branch of the mother's motion which was to find the father in violation of the child support provisions of the parties' stipulation of settlement and judgment of divorce (*see Sorrentino v Pearlstein,* 55 AD3d 901 [2008]; *Colucci v Colucci,* 54 AD3d at 712-713; *Herzfeld v Herzfeld,* 50 AD3d 851 [2008]; *Gipp v Gipp,* 37 AD3d 406 [2007]). Furthermore, absent a basis for the recalculation of child support, the court properly denied that branch of the mother's motion which was to compel the father to provide documentation regarding an inheritance.

Under the circumstances of this case, it was also proper for the Supreme Court to deny the mother's request for an audit of the corporate books and records of the father's business. The parties' stipulation directs the father to pay additional child support if his annual income exceeds the sum of $100,000, but provides a mechanism for verifying his income by requiring him, inter alia, to give the mother copies of his annual income tax returns. It is undisputed that the father has provided the mother with copies of his federal tax returns, and the mother has not demonstrated an evidentiary basis for her contention that the these returns do not reflect his true income. Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.