■ In the Matter of CHRISTINA M. CRICENTI, Appellant, v MARYANN CRICENTI, Respondent. [877 NYS2d 349]—

In a child support proceeding pursuant to Family Court Act article 4, the daughter appeals from an order of the Family Court, Suffolk County (Budd, J.), dated June 11, 2008, which denied her objection to so much of an order of the same court (Buse, S.M.) dated March 14, 2008, as dismissed her application for contribution toward her college expenses from her mother, and granted her objection to so much of the order as dismissed her application for child support only to the extent of remitting the matter to the Support Magistrate to issue findings of fact pursuant to Family Court Act § 439 (e) or to conduct a new hearing regarding the mothers's child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner's parents were divorced in 1994. They entered into a stipulation of settlement, which was incorporated into but not merged with the judgment of divorce. In the stipulation of settlement, they agreed to share the expense of the petitioner's college education, in a specified pro rata manner, as long as they both approved of the petitioner's choice of college, which approval was not to be unreasonably withheld. In September 2007, after the petitioner matriculated at the Fashion Institute of Technology, she commenced the instant proceeding seeking, inter alia, an order directing the respondent, her noncustodial mother, to pay her share of the petitioner's college expenses and to provide child support. After a hearing, the Family Court denied that branch of the petition by which the petitioner sought contribution by the mother toward the petitioner's college expenses. The Family Court observed that the stipulation of settlement established as a condition of contribution that there would be discussion about which school the petitioner would attend. The Family Court found that the petitioner failed

to demonstrate that the mother had an opportunity to express any opinion regarding the choice of school. The Family Court remitted the matter to a Support Magistrate to issue findings of fact pursuant to Family Court Act § 439 (e) or for a hearing on the issue of the mother's child support obligations. The petitioner appealed.

The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties (*see Colucci v Colucci,* 54 AD3d 710, 712 [2008]). A matrimonial settlement is a contract subject to principles of contract interpretation, and a court should interpret the contract in accordance with its plain and ordinary meaning (*see id.; Herzfeld v Herzfeld,* 50 AD3d 851 [2008]). "Where such an agreement is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence" (*id.* at 851-852).

The petitioner failed to demonstrate that the mother was aware of her choice of college. The mother could neither approve of the petitioner's choice of college nor unreasonably withhold such approval in the absence of any awareness of the petitioner's choice in that regard. In the absence of any evidence that the mother was aware of the petitioner's choice of college, the petitioner failed to establish that the mother violated her obligations under the terms of the agreement to pay her share of the related expenses upon approving the petitioner's choice of college or in unreasonably withholding her approval. Accordingly, the Family Court properly denied that branch of the petition by which the petitioner sought educational expenses from the mother under the express terms of the stipulation of settlement.

In light of its determination that the mother's income had not been adequately established, the Family Court providently exercised its discretion in remitting the matter to a Support Magistrate for findings of fact pursuant to Family Court Act § 439 (e) or for a determination of the mother's child support obligations (*see* Family Ct Act § 439; *Matter of Viehl v Viehl,* 50 AD3d 814, 816 [2008]).

The petitioner's contentions addressed to the Family Court's amended findings of fact dated July 24, 2008, are not properly before this court (*see Ross v Food Specialties,* 5 AD2d 994 [1958]). Mastro, J.P., Balkin, Dickerson and Belen, JJ., concur.