■ In the Matter of JAMES F. DRESCH, Appellant, v PATRICIA DRESCH, Respondent. (Proceeding No. 1.) In the Matter of PATRICIA DRESCH, Respondent, v JAMES F. DRESCH, Appellant. (Proceeding No. 2.) [896 NYS2d 174]—In two related child support proceedings pursuant to Family Court Act article 4, the father appeals (1) from an order of the Family Court, Nassau County (Zimmerman, J.), dated June 26, 2009, which denied, as untimely, his objections to so much of an order of the same court (Watson, S.M.), dated March 4, 2009, as, after a hearing, denied his petition for a downward modification of his child support obligation and granted the mother's petition to the extent of directing him to pay child support arrears in the

amount of $51,200.79, and (2), as limited by his brief, from so much of an order of the same court dated August 14, 2009, as, in effect, upon renewal, adhered to its original determination.

Ordered that the appeal from the order dated June 26, 2009 is dismissed, without costs or disbursements, as that order was superseded by the order dated August 14, 2009, in effect, made upon renewal; and it is further,

Ordered that the order dated August 14, 2009 is affirmed insofar as appealed from, without costs or disbursements.

While the Family Court, upon renewal, should have found that the father's objections were timely, the court correctly noted that the objections were without merit. "The party seeking to modify a child support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (*Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009] [citations and internal quotation marks omitted]). Here, the father failed to demonstrate the existence of a substantial change in circumstances (*see Matter of Brescia v Fitts*, 56 NY2d 132, 140-141 [1982]; *Colucci v Colucci*, 54 AD3d 710, 712 [2008]; *Matter of Gonzalez v DeFilippis*, 31 AD3d 447 [2006]).

The father's remaining contentions are without merit. Prudenti, P.J., Dillon, Eng and Roman, JJ., concur.