■ JOHN FACOMPRE, Respondent, v ANNE FACOMPRE, Appellant. [925 NYS2d 117]—

In a matrimonial action in which the parties were divorced by judgment entered February 27, 2008, the defendant appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (McNulty, J.), dated February 11, 2010, which, inter alia, denied those branches of her motion which were for an award of certain child support and maintenance arrears and to direct that the plaintiff is solely responsible for paying certain mortgage debt incurred on the marital residence, granted that branch of the plaintiff's cross motion which was to vacate the child support provisions of the judgment of divorce and the parties' stipulations of settlement, which were incorporated but not merged into the judgment of divorce, on the ground that such provisions did not comply with Domestic Relations Law § 240 (1-b) (h), and directed the plaintiff to pay temporary child support in the sum of only $153.62 per week.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Where a settlement agreement that is incorporated but not merged into a judgment of divorce is 'clear and unambiguous on its face,' the parties' intent will be determined 'from within the four corners of the instrument' " (*Sorrentino v Pearlstein*, 55 AD3d 901, 902 [2008], quoting *Matter of Meccico v Meccico*, 76 NY2d 822, 824 [1990]). "An ambiguity exists only if the contract is susceptible to more than one reasonable interpretation" (*Sorrentino v Pearlstein*, 55 AD3d at 902).

The parties entered into two stipulations of settlement, dated March 7, 2003, and May 19, 2007, respectively, which were incorporated but not merged into the judgment of divorce entered February 27, 2008. Contrary to the defendant's contentions, the stipulation dated May 19, 2007, unambiguously provided that she would accept a lump sum payment in satisfaction of all financial claims against the plaintiff. This necessarily included arrears owed by the plaintiff for child support and maintenance. The defendant does not dispute that she accepted this lump sum payment to satisfy these financial claims against the plaintiff and, thus, that she is not entitled to any further award of child support and maintenance arrears.

The stipulation of settlement dated March 7, 2003, further provided that proceeds from the sale of the marital residence

would be used to pay any remaining balance of the mortgage before such proceeds were divided between the parties. On or around May 21, 2004, the parties refinanced the residence, thereby increasing the mortgage debt. In their stipulation dated May 19, 2007, the parties, inter alia, agreed that the provisions of the stipulation dated March 7, 2003, relating to the marital residence would remain in effect, including the provision that the proceeds of the sale would be distributed between the parties only after such proceeds were used to pay the remaining balance of the mortgage. Therefore, contrary to the defendant's contention, the stipulations unambiguously provide that the plaintiff is not solely responsible for any increased mortgage debt. Such mortgage debt is to be paid from the proceeds of the sale of the marital residence with the remainder of such proceeds to be divided between the parties.

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for an award of child support and maintenance arrears and to direct that the plaintiff is solely responsible for paying the mortgage debt incurred after refinancing of the marital residence.

The Supreme Court also properly granted that branch of the plaintiff's cross motion which was to vacate the child support provisions of the judgment of divorce and the parties' stipulations of settlement. Those provisions violated the Child Support Standards Act (hereinafter the CSSA) because they failed to articulate the reason or reasons the parties chose to deviate from the CSSA guidelines. Consequently, such child support provisions were invalid and unenforceable (*see* Domestic Relations Law § 240 [1-b] [h]; *Jefferson v Jefferson*, 21 AD3d 879, 879-881 [2005]; *Warnecke v Warnecke*, 12 AD3d 502, 503-504 [2004]; *Lepore v Lepore*, 276 AD2d 677, 678 [2000]). Moreover, the Supreme Court properly directed the plaintiff to pay temporary child support in the sum of $153.62 per week pending a hearing and a de novo determination of the plaintiff's child support obligation (*see* Domestic Relations Law § 240 [1-b] [h]; *Jefferson v Jefferson*, 21 AD3d at 879-881).

The defendant's remaining contentions are without merit. Dillon, J.P., Balkin, Eng and Roman, JJ., concur.