In the Matter of MARLENE S. FILOSA, Respondent, v MICHAEL J. DONNELLY, Appellant. [941 NYS2d 671]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated May 23, 2011, which, inter alia, denied his objections to an order of the same court (Livrieri, S.M.), dated March 25, 2011, which, after a hearing, and upon the denial of the father's application to dismiss the petition as jurisdictionally defective, granted the mother's petition, in effect, for an award of college tuition expenses for the parties' child and apportioned 50% of those expenses to him.

Ordered that the order dated May 23, 2011, is affirmed, with costs.

Since the record is clear that all parties viewed the petition as an "enforcement proceeding," and the father's substantial rights were not prejudiced by any alleged defect, the Family Court properly denied the father's application to dismiss the petition as jurisdictionally defective (see CPLR 2001; Yeshiva Chasdei Torah v Dell Equity, LLC, 90 AD3d 746 [2011]).

"The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties (see Colucci v Colucci, 54 AD3d 710, 712 [2008]). A matrimonial settlement is a contract subject to principles of contract interpretation, and a court should interpret the contract in accordance with its plain and ordinary meaning" (Matter of Cricenti v Cricenti, 60 AD3d 1052, 1053 [2009]). "Where such an agreement is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence" (Herzfeld v Herzfeld, 50 AD3d 851, 851-852 [2008]).

Here, where the father failed to establish, in accordance with the terms of the parties' stipulation of settlement of divorce, that he was financially unable to pay for the child's college tuition or that the mother did not comply with her obligation to encourage the child's use of financial aid, scholarships, and available student loans, the Family Court did not improvidently exercise its discretion in granting the mother's petition and apportioning 50% of those expenses to him (see Matter of Cricenti

*v Cricenti*, 60 AD3d at 1053; *see also Manno v Manno*, 196 AD2d 488, 491 [1993]).

To the extent that the father argues that the child should have attended a less expensive college, that argument is without merit. The parties' stipulation did not mandate parental consent to the child's college choice, and it did not place a limit on the tuition amount for which the parties are responsible (*see Matter of Cricenti v Cricenti*, 60 AD3d at 1053). Similarly, the father was not entitled to a credit toward his child support payment by virtue of the room-and-board component of the child's tuition, as no such credit was contemplated by the parties' stipulation of settlement (*see Colucci v Colucci*, 54 AD3d 710, 712 [2008]). Balkin, J.P., Chambers, Hall and Austin, JJ., concur.