*690 A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation (see Matter of Gravlin v Ruppert, 98 NY2d 1, 5 [2002]; Colucci v Colucci, 54 AD3d 710, 712 [2008]). Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence (see Matter of Meccico v Meccico, 76 NY2d 822, 824 [1990]; Colucci v Colucci, 54 AD3d at 712; Herzfeld v Herzfeld, 50 AD3d 851, 851-852 [2008]). An ambiguity exists only where the agreement on its face is reasonably susceptible of more than one interpretation (see Sorrentino v Pearlstein, 55 AD3d 901, 902 [2008]; Nappy v Nappy, 40 AD3d 825, 826 [2007]; Clark v Clark, 33 AD3d 836, 837 [2006]).
Contrary to the father’s contention, the provisions in the parties’ stipulation of settlement and a so-ordered stipulation dated July 27, 2009, are clear and unambiguous, and required him to pay 50% of the college expenses of the parties’ children regardless of their emancipation. Further, the father’s obligation included expenses which were paid from the proceeds of loans obtained by the parties’ child Mark. Accordingly, the Family Court properly granted the mother’s petition to the extent that the father was required to pay college expenses after the children’s emancipation, and included money paid from loan proceeds.
The court erred, however, in directing the mother to present proper documentation directly to the father with respect to college expenses in order to trigger his duty to pay. The documentation should be provided to the Family Court to allow it to determine whether the college expenses were mandatory and, therefore, payable by the father pursuant to the parties’ agreement. If deemed necessary by the court, after the documentation is presented to the court by the mother, a limited inquiry may be conducted to allow the parties to present further evi *691 dence as to the amount of those expenses that had previously been paid by the father and the amount that he still owes to the mother.
The father’s remaining contentions are without merit. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.