◼ KRISTIN A. PELGRIM, Appellant-Respondent, v BERNARD J. PELGRIM, Respondent-Appellant. [7 NYS3d 305]—

In a matrimonial action in which the parties were divorced by judgment entered June 13, 2011, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme

Court, Nassau County (Goodstein, J.), dated May 6, 2013, as granted those branches of the defendant's motion which were for reimbursement of property taxes paid on the marital residence and counsel fees, and the defendant cross-appeals, as limited by his brief, from so much of the same order as declined to exercise jurisdiction and thereupon denied those branches of his motion which were for access to the children and information regarding their whereabouts.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties to this matrimonial action stipulated on March 5, 2010, that the plaintiff would have exclusive occupancy of the marital residence for two years, and be responsible for payment of its carrying charges including property taxes. The same stipulation provided that the marital residence would "be put on the market in two years," at which time certain equity distributions would be made to the parties. The parties further stipulated that the plaintiff would have legal and physical custody of the children, and that the defendant, who lived in California, would have visitation through the "Making It Work" program whenever he came to New York. In a second, separate stipulation entered into on February 15, 2011, the parties agreed that the defendant would have the right to daily communication with the children, and reiterated the defendants's right to visitation through the Making It Work program. A judgment of divorce entered June 13, 2011, incorporated the provisions of the stipulations.

In an order dated October 1, 2012, the Supreme Court held the plaintiff in civil contempt for failing to abide by certain provisions of the judgment, including her interference with the sale of the marital residence, and she was directed to vacate the marital residence by November 15, 2012. In early January 2013, the defendant moved, inter alia, for reimbursement from the plaintiff for property taxes he paid that had accrued on the marital residence beyond the two-year occupancy agreed upon in the March 5, 2010, stipulation, and to enforce the parental access provisions of the stipulations and judgment which he claimed had been thwarted (hereinafter the reimbursement/enforcement motion). On January 7, 2013, the Supreme Court directed, as interim relief, that the plaintiff "immediately provide the defendant with the address of where the parties' three (3) children . . . are currently residing and a telephone number where the children can be reached." On January 20, 2013, the defendant moved to hold the plaintiff in contempt for failing to provide the children's address and telephone infor-

mation responsive to the interim order (hereinafter the contempt motion). In opposition, the plaintiff revealed that she had relocated with the children to Maryland and argued that New York was no longer an appropriate forum to hear the parties' children-related disputes, and still failed to provide address and telephone access information.

In the order appealed from, the Supreme Court resolved a number of financial issues, including directing the plaintiff to reimburse the defendant for certain 2012 and 2013 property taxes occasioned by her delay in marketing the marital home, which ultimately was sold in mid-March 2013. As for the child access issues, the court determined that since the defendant resided in California and the plaintiff and children no longer had a significant connection to New York upon their relocation to Maryland on November 7, 2012, it would decline to exercise jurisdiction since New York had become an inconvenient and inappropriate forum. In the same order, the court awarded the defendant counsel fees in the sums he requested, which were $8,359.50 for the reimbursement/enforcement motion and $2,417.50 for the contempt motion.

The plaintiff appeals from so much of the order as directed her to reimburse the defendant for real estate taxes on the marital residence beyond March 5, 2012, and to pay counsel fees. The defendant cross-appeals from so much of the order as declined to exercise jurisdiction over the parties' child access issues and thereupon denied those branches of his motion which were for access to the children and information regarding their whereabouts. We affirm.

A stipulation of settlement "is a contract subject to [the] principles of contract interpretation, and a court should interpret the contract in accordance with its plain and ordinary meaning" (*O'Brien v O'Brien*, 115 AD3d 720, 723 [2014] [internal quotation marks omitted]; *see Matter of Filosa v Donnelly*, 94 AD3d 760, 760 [2012]; *Matter of Cricenti v Cricenti*, 60 AD3d 1052, 1053 [2009]; *Herzfeld v Herzfeld*, 50 AD3d 851, 851 [2008]). "[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*O'Brien v O'Brien*, 115 AD3d at 723 [internal quotation marks omitted]; *see Hepburn v Hepburn*, 78 AD3d 1001, 1002 [2010]; *Herzfeld v Herzfeld*, 50 AD3d at 851).

Here, contrary to the plaintiff's contention, the Supreme Court properly directed her to reimburse the defendant for the

real estate taxes he paid on the marital residence. The judgment incorporating the parties' stipulations provided that the plaintiff would be responsible for all carrying charges on the marital residence, including taxes, while she had exclusive occupancy of the residence. Although the parties originally intended for the plaintiff and children to remain in the marital residence for two years, the court determined, in the October 1, 2012, order, that the plaintiff had interfered with and delayed the defendant's timely efforts to sell the house, resulting in its sale approximately one year beyond what had been contemplated. Under these circumstances, and consistent with the meaning and expectations of the parties' stipulation, the defendant was entitled to reimbursement of the taxes that accrued on the property in the latter part of 2012 and early part of 2013.

Regarding the jurisdictional issue, New York is the children's "home state," since they resided here for six consecutive months before the commencement of the child custody proceeding (Domestic Relations Law § 76 [1] [a]; see Domestic Relations Law § 76-a; Vernon v Vernon, 100 NY2d 960, 969 [2003]). The judgment of divorce, which determined the parties' child custody issues, confers continuing jurisdiction over the children with the New York Courts (see Domestic Relations Law §§ 76, 76-a). However, a New York court may decline to exercise jurisdiction where, as here, neither of the parents nor any of the children retain a significant connection with New York and substantial evidence is no longer available in this state concerning the children's care, protection, training, and personal relationships (see Domestic Relations Law § 76-a [1] [a]; Matter of King v King, 15 AD3d 999 [2005]). A court may also decline to exercise jurisdiction where it determines that the children or the children's parents no longer reside in New York (see Domestic Relations Law § 76-a [1] [a], [b]; Matter of Blerim M. v Racquel M., 41 AD3d 306 [2007]). Under Domestic Relations Law § 76-f, a court may decline to exercise jurisdiction if it determines, after an evaluation of statutory factors, that New York is an inconvenient forum and that another state provides a more appropriate forum (see Matter of Eisner v Eisner, 44 AD3d 1111 [2007]; Clark v Clark, 21 AD3d 1326 [2005]). Here, since the defendant resides in California, and the plaintiff and children moved to Maryland in November 2012, the Supreme Court, after considering the statutory factors set forth in Domestic Relations Law § 76-f (2) (a) through (h), properly declined to exercise jurisdiction over the issues concerning the defendant's access to the children.

The Supreme Court providently exercised its discretion in

awarding counsel fees to the defendant (see Domestic Relations Law § 238; *Holliday v Holliday*, 58 AD2d 619 [1977]). The defendant's request for reimbursement of property taxes in the reimbursement/enforcement motion had merit, as determined here, and the $8,359.50 awarded thereon was reasonable and supported by detailed billing records. Similarly, the defendant's contempt motion was also meritorious, as the plaintiff disobeyed the interim order directing her to disclose the children's address and telephone information, and continued to do so in her opposition papers. Although the Supreme Court ultimately declined to exercise jurisdiction over the parties' access issues as a result of the plaintiff's and children's relocation to Maryland, including any adjudication of contempt, the defendant was unaware of the relocation when he moved for contempt, for the very reason that the plaintiff failed to provide the children's contact information as the parties had agreed and as the Supreme Court had directed. The fees awarded were reasonable and supported by detailed billing records. Accordingly, the Supreme Court providently exercised its discretion in awarding the defendant counsel fees in the sum of $2,417.50 in connection with the prosecution of his contempt motion.

The defendant's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.