Matter of Vetrano v Vetrano (2019 NY Slip Op 08415)





Matter of Vetrano v Vetrano


2019 NY Slip Op 08415


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-00505
 (Docket No. F-2498-18/18B)

[*1]In the Matter of Michael L. Vetrano, appellant,
v
Candy F. Vetrano, respondent.


Jonathan Tatun, Islip Terrace, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (David A. Morris, J.), dated December 12, 2018. The order denied the father's objections to an order of the same court (Darlene Jorif-Mangane, S.M.) dated October 25, 2018, which, after a hearing, and upon findings of fact dated October 25, 2018, dismissed his petition for a downward modification of his child support obligation.
ORDERED that the order dated December 12, 2018, is reversed, on the law, without costs or disbursements, the father's objections are granted, the order dated October 25, 2018, is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for a new hearing on the petition and a new determination thereafter.
The parties, who were divorced by a judgment entered October 1, 2014, have one child together. The judgment, which incorporated but did not merge the terms of a stipulation of settlement dated May 14, 2014, awarded the mother sole custody of the child and directed the father to pay child support in the amount of $1,238 bimonthly. In June 2018, the father filed a petition for a downward modification of his child support obligation, alleging that he was wrongfully terminated from his employment and had made diligent efforts to obtain comparable employment, that three years had passed since the judgment of divorce was entered, and that his income had decreased by more than 15% and the mother's income had increased by more than 15% since entry of the judgment. After a hearing, in an order dated October 25, 2018, the Support Magistrate dismissed the petition, determining that the father failed to demonstrate that he lost his employment through no fault of his own and that his account of his finances was incredible. The Family Court denied the father's objections to the Support Magistrate's order, and the father appeals.
The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification (see Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896; see also Family Ct Act § 451). In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including " the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children'" (Matter of Fantel v Stamatatos, 59 AD3d 717, 718, quoting Shedd v Shedd, 277 AD2d 917, 918; see Matter of Brescia v Fitts, 56 NY2d 132, 141). In addition, the court may modify an order of child support where three years have passed since the order was entered, last modified or adjusted, or where there has been a change in either party's gross income by 15% or more since the order was entered, last modified, or adjusted (see Family Ct Act § 451[3][b][i], [ii]). A reduction in income shall not be considered as a ground for [*2]modification unless it was involuntary and the party has made diligent attempts to secure employment commensurate with his or her education, ability, and experience (see Family Ct Act § 451[3][b][ii]). " Deference should be given to credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses on this point'" (Matter of Valverde v Owens, 160 AD3d 753, 755, quoting Matter of Hezi v Hezi, 141 AD3d 587, 588).
Here, we agree with the Support Magistrate's determination that the father failed to establish that the reduction in his income was involuntary and that he made diligent attempts to secure employment commensurate with his education, ability, and experience (see Family Ct Act § 451[3][b][ii]; see also Raab v Raab, 129 AD3d 1050, 1051; Beard v Beard, 300 AD2d 268). However, the Support Magistrate did not take into account the father's loss of assets (see Matter of Fantel v Stamatatos, 59 AD3d at 718). Moreover, the Support Magistrate's determination failed to acknowledge evidence demonstrating a significant increase in the mother's income since the entry of the judgment, which warranted a new determination of the parties' respective child support obligations (see Matter of Baumgardner v Baumgardner, 126 AD3d at 897; Matter of Braun v Abenanti, 103 AD3d 717). In addition, the Support Magistrate failed to address the father's contentions with respect to the enforceability of the child support provisions of the judgment of divorce and the parties' stipulation of settlement. Those provisions violated the Child Support Standards Act (hereinafter the CSSA) because they failed to set forth the presumptively correct amount of support that would have been fixed pursuant to the CSSA guidelines and failed to articulate the reason or reasons the parties chose to deviate from the CSSA guidelines (see Facompre v Facompre, 84 AD3d 1304, 1306; Warnecke v Warnecke, 12 AD3d 502, 503-504).
Accordingly, the Family Court should have granted the father's objections to the Support Magistrate's order dismissing his petition for a downward modification of his child support obligation.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court