■ JEFFRY GALLET, Appellant, v GAIL WASSERMAN, Respondent. [722 NYS2d 226] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered August 31, 1999, which, to the extent appealed, granted the motion of defendant (Wife) to void the child support provisions of the parties' 1993 separation agreement on the ground that it failed to comply with Domestic Relations Law § 240 (1-b) (h), and directed a hearing, unanimously reversed, on the law and the facts, without costs, and the child support provisions of the separation agreement reinstated.

Pursuant to the Child Support Standards Act ([CSSA] Domestic Relations Law § 240 [1-b] [h]), a separation agreement which awards child support different from the presumptive amount mandated by statute must contain the following: (1) an acknowledgment that the parties have been advised of the substance of the CSSA; (2) a statement that the basic child support pursuant to the CSSA would presumptively result in the correct amount of child support; (3) what the CSSA basic child support would have been in the specific circumstances presented, and; (4) the reasons why the agreed upon child support deviates from that set forth in the CSSA.

We agree with the motion court that the instant agreement satisfies the first element of the statute by explicitly providing that the parties were advised of the provisions of Domestic Relations Law § 240 (1-b), and that "[t]he parties have reviewed the provisions of said statute, understand them and have had a full opportunity to discuss them with counsel."

However, contrary to the IAS Court, we find that the remaining requirements of the statute were also satisfied. The separation agreement provides that "in the absence of the settlement agreement between them, the provisions of [the CSSA] would govern the determination of the amount of the child support obligation to be paid by the non-custodial parent." Although the agreement does not specifically state that the CSSA would presumptively result in the correct child support, it does acknowledge that the CSSA basic child support provisions govern the parties' obligations. Moreover, the separation agreement was incorporated, but not merged, into a Judgment of Divorce entered May 21, 1993. The findings of fact and conclusions of law in the divorce judgment, drafted by plaintiff (the Husband) and consented to by the Wife, specifically state "[t]he parties further acknowledged that they have been advised that the 'basic child support obligation' determined pursuant to Domestic Relations Law § 240 (1-b) would presumptively result in the correct amount of child support to be awarded to the [Wife]." Accordingly, the separation agreement, in conjunction with the divorce judgment, satisfies the second statutory requirement.

The separation agreement also complies with the third requirement of the CSSA, by setting forth the amount of child support which would be required pursuant to strict application of the statute. The separation agreement provides, "The parties agree that the amount being paid by the Husband to the Wife as and for child support is different than the presumptive amount which would be applied if the [CSSA] was strictly applied in this matter which might be more or less than $7,000.00 per year." The statute provides for child support for one child of 17% of $80,000, which is $13,600. In 1992, the Husband earned $97,000 and the Wife earned $88,490. Therefore, the Husband was required to pay 52.2% of $13,600, or $7,099.20 which approximates the "more or less than $7,000 per year" figure referred to in the agreement. The divorce judgment also specifically states that the "the basic child support is 17% of $80,000 or $13,600 per year."

Finally, the agreement's statement that "[t]he difference [in the amount directed to be paid] is due to the other obligations assumed by the Father under this Agreement." This complies

with the fourth requirement of CSSA, setting forth the reason that the amount of child support provided in the agreement deviates from the presumptive obligation set forth by statute. Specifically, the Husband agreed to pay one-half of his daughter's private pre-school and private school expenses as well as one-half of her college and related expenses. The Husband also agreed to pay $500 per month for 18 months commencing January 1993, for day care and $2,000 per year thereafter. The Husband also agreed to pay for one-half of his daughter's summer camp and any after-school program.

In sum, we find that the separation agreement, as supplemented by the IAS Court's findings of fact and conclusions of law in the divorce judgment, complies with the provisions of the CSSA, and accordingly reverse the order appealed (*Blaikie v Mortner*, 274 AD2d 95). Concur—Mazzarelli, J. P., Andrias, Wallach and Buckley, JJ.