■ STUART LEWIS, Appellant, v JUDITH R. GOLDBERG, Respondent. [774 NYS2d 370]—

■ STUART LEWIS, Appellant, v JUDITH R. GOLDBERG, Respondent. [774 NYS2d 369]—In a matrimonial action in which the parties were divorced by a judgment dated October 1, 2001, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Fitzmaurice, J.), dated January 7, 2003, as, in effect, denied those branches of his cross motions which were to vacate so much of the judgment of divorce as related to child support, and for the imposition of a sanction, and after a hearing, directed him to pay $10,209 in child support arrears, and interest on the unpaid maintenance that was due under the parties' stipulation of settlement, and (2) from a judgment of the same court dated March 7, 2003, entered upon the order, which is in favor of the defendant and against him in the principal sum of $23,722.50.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff contends that vacatur of the child support provisions of the parties' judgment of divorce, which were based on a stipulation of settlement that was incorporated but not merged into the judgment, was warranted because the stipulation did not comply with the requirements of Domestic Relations Law § 240 (1-b) (h). The Supreme Court correctly concluded that the stipulation complied with Domestic Relations Law § 240 (1-b) (h) (*see Gallet v Wasserman,* 280 AD2d 296 [2001]; *Blaikie v Mortner,* 274 AD2d 95 [2000]). Accordingly, the Supreme Court correctly refused to vacate the child support provisions, and further, properly determined that the plaintiff was in arrears on his child support payments.

The plaintiff's remaining contentions either are unpreserved for appellate review or without merit. Altman, J.P., Schmidt, Cozier and Mastro, JJ., concur.