■ UDAY S. BHANDARY, Appellant, v KIMBERLY CONSTANTINE BHANDARY, Respondent. [855 NYS2d 592]—In a matrimonial action in which the parties were divorced by judgment dated March 30, 2005, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated August 17, 2007, as denied that branch of his motion which was to stay enforcement of the judgment of divorce on the ground that the child support provisions of the parties' stipulation of settlement did not comply with Domestic Relations Law § 240 (1-b) (h) and, upon granting his motion to consolidate his plenary action to set aside the stipulation with the matrimonial action, sua sponte, directed the dismissal of the complaint in the plenary action.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal from so much of the order as, sua sponte, directed the dismissal of the complaint in the plenary action pursuant to CPLR 3211 (a) (7) , and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contends that a stay of enforcement of the parties' judgment of divorce, which was based on a stipulation of settlement that was incorporated but not merged into the judgment, was warranted because the stipulation did not comply with the requirements of Domestic Relations Law § 240 (1-b) (h). The Supreme Court correctly concluded that the stipulation complied with Domestic Relations Law § 240 (1-b) (h) (*see Lewis v Goldberg,* 6 AD3d 395 [2004]; *Gallet v Wasserman,* 280 AD2d 296 [2001]). Accordingly, the Supreme Court correctly declined to stay enforcement of the judgment of divorce.

The plaintiff's remaining contentions are without merit. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur.