In the Matter of GERALDINE DOROSKY, Appellant, v VAUGHN L. HERALD, Respondent. [861 NYS2d 124]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Bivona, J.), entered October 12, 2006, as, in effect, sustained the father's objections to an order of the same court (Patsalos, S.M.), entered July 13, 2006, which, after a hearing, granted her petitions to enforce the father's child support obligation as set forth in a judgment of divorce dated May 17, 1999, and for an upward modification of that child support obligation, and vacated the order entered July 13, 2006.

Ordered that the order entered October 12, 2006 is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the father's objections are denied, and the order entered July 13, 2006 is reinstated.

The parties were divorced by judgment dated May 17, 1999. Pursuant to the judgment of divorce, which incorporated but did not merge an earlier stipulation, "[t]he parties . . . voluntarily agreed to child support for the minor issue of the marriage payable . . . through [the father's] Social Security Disability to each child in the amount of $172.00 per month, per child." In 2006 the mother filed petitions to enforce the father's child support obligation as set forth in the judgment of divorce and for an upward modification of that child support obligation. After a hearing, the Support Magistrate, by order entered July 13, 2006, granted the mother's petitions. Thereafter, the father filed objections to the Support Magistrate's findings and, upon review, the Family Court, by order entered October 12, 2006, in effect, sustained the father's objections and vacated the Support Magistrate's order. The mother appeals.

Although parties are permitted to "opt out" of the requirements of the Child Support Standards Act (hereinafter the CSSA) (*see* Family Ct Act § 413 [1] [h]), that decision must be made "knowingly" (*Matter of Schaller v Schaller,* 279 AD2d 525, 526, 527 [2001]). Compliance with the CSSA guidelines requires "that the parties have been fully informed of the provisions of the statute, and of how the guidelines would operate in their individual circumstances" (*Matter of Bill v Bill,* 214 AD2d 84, 90-91 [1995]). Here, there is no indication that the mother knew, inter alia, that "[a] dependent child's Social Security benefits are . . . not intended to displace the obligation" of the father to support his children (*Matter of Graby v Graby,* 87 NY2d 605, 611 [1996]) or that Social Security benefits would be payable only until the dependent children reached the age of 18. Accordingly, under the facts of this case, the Support Magistrate properly granted the mother's petitions, and the Support Magistrate's order entered July 13, 2006 must be reinstated. Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.