■ In the Matter of WILLIAM JONES, Appellant, v TINA SMITH, Respondent. [872 NYS2d 288]—

In a child support proceeding pursuant to Family Court Act

article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Queens County (Blaustein, S.M.), dated July 20, 2007, as, after a hearing, granted his petition for a downward modification of his child support obligation only to the extent of directing him to pay the sum of $334 per month and fixing his arrears for child support in the sum of $10,770, and (2) from an order of the same court (McGowan, J.) dated April 25, 2008, which denied his objections to the order dated July 20, 2007.

Ordered that the appeal from the order dated July 20, 2007 is dismissed, without costs or disbursements, as that order was superseded by the order dated April 25, 2008; and it is further,

Ordered that the order dated April 25, 2008 is affirmed, without costs or disbursements.

"Social Security disability dependents' benefits are an entitlement granted by Congress to children at no purchase cost to the disabled parent" (*Matter of Graby v Graby*, 87 NY2d 605, 611 [1996]). "[A]lthough a dependent child's Social Security benefits are derived from the disabled parent's past employment, they are designed to supplement existing resources, and are not intended to displace the obligation of the parent to support his or her children" (*id.*; *see Matter of Dorosky v Herald*, 52 AD3d 829 [2008]; *Matter of Pinto v Putnam County Support Collection Unit*, 295 AD2d 350, 352 [2002]). Accordingly, there is no merit to the father's argument that his son's derivative Social Security benefits may serve as a credit against his child support obligation (*see Matter of Wrighton v Wrighton*, 23 AD3d 669, 670 [2005]; *Matter of Commissioner of Social Servs. [Rosa Lidia T.] v Luis Alonso G.*, 7 AD3d 388 [2004]). Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.