■ MARGARET C., Respondent, v PAUL F.C., Appellant. [899 NYS2d 848]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered October 8, 2008, which denied defendant husband's motion to vacate the child support provisions contained in the parties' stipulation of settlement, incorporated but not merged into their judgment of divorce, unanimously affirmed, with costs.

The stipulation satisfies the requirement of Domestic Relations Law § 240 (1-b) (h) that it specify the parties' reasons for deviating from the guidelines of the Child Support Standards Act by stating that the parties "consider" its provisions relating to child support "to be fair and reasonable, based on many considerations," including their respective finances and the stipulation's other financial provisions, which were clearly articulated. This statement is less specific than the one we upheld in *Gallet v Wasserman* (280 AD2d 296, 297-298 [2001]). The husband relies on *Klein v Klein* (246 AD2d 195, 200 [1998]), which held that an essentially identical statement was insuf-

ficient. As we stated in *Blaikie v Mortner* (274 AD2d 95, 100 [2000]), "the husband, an attorney, struck a bargain with which he is no longer satisfied, and he now parses the precise phrasing of some of the protective statutory acknowledgments as a means to invalidate an arrangement he freely and knowingly entered."

We have considered the husband's other arguments and find them to be without merit. Concur—Tom, J.P., McGuire, Moskowitz, Acosta and Freedman, JJ.