On August 9, 2010, the parties entered into two stipulations of settlement with regard to an underlying matrimonial action. One of the stipulations was reduced to writing, and obligated the parties to share joint custody of the parties’ two daughters, with the mother awarded residential custody of the daughters. The written stipulation also set forth a parenting schedule for the father. The second stipulation (hereinafter the support stipulation), which is at issue herein, was made on the record in open court and concerned child support and equitable distribution. Both stipulations were subsequently incorporated, but not merged, into a judgment of divorce dated November 17, 2010. Approximately 18 months after the judgment of divorce was entered, the plaintiff commenced this action, seeking to vacate the child support provisions set forth in the support stipulation and the judgment of divorce. The plaintiff alleged that the support stipulation failed to comply the Child Support Standards Act (Domestic Relations Law § 240 [1-b] [hereinafter the CSSA]) because the parties did not state the reason or reasons the par *746 ties chose to deviate from the CSSA guidelines (see Domestic Relations Law § 240 [1-b] [h]). The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court granted the motion. The plaintiff appeals.
Parties to a separation agreement are free to “opt out” of the provisions of the CSSA so long as their decision is made knowingly (see Colucci v Colucci, 54 AD3d 710 [2008]; Matter of Dorosky v Herald, 52 AD3d 829 [2008]). To ensure that waivers of the statutory provisions of the CSSA are truly knowingly made, Domestic Relations Law § 240 (1-b) (h) requires specific recitals: (1) that the parties have been made aware of the CSSA; (2) that they are aware that the guidelines would result in the calculation of the presumptively correct amount of support; (3) that in the event the agreement deviates from the guidelines, it must recite the presumptively correct amount of support that would have been fixed pursuant thereto; and (4) the reason for the deviation (see Domestic Relations Law § 240 [1-b] [h]; Bushlow v Bushlow, 89 AD3d 663 [2011]). The policy reasons underlying the requirement that waivers must be knowingly made are so strong that agreements that do not comply with the strictures of the CSSA are invalid and unenforceable, at least to the extent of the child support provisions set forth therein (see Cimons v Cimons, 53 AD3d 125 [2008]).
In the instant matter, the parties placed the support stipulation on the record in open court and it was incorporated, but not merged, into the judgment of divorce. The defendant contends, and the Supreme Court found, that the parties articulated therein, albeit not in precise language, that the reason they were deviating from the guidelines was that the defendant was paying maintenance to the plaintiff during the period of deviation. We agree that the support stipulation was sufficient to comply with the recital requirements of the CSSA, as set forth in Domestic Relations Law § 240 (1-b) (h) (see Nocera v Nocera, 38 AD3d 510 [2007]; Lewis v Goldberg, 6 AD3d 395 [2004]; Gallet v Wasserman, 280 AD2d 296, 297 [2001]; Margaret C. v Paul F.C., 73 AD3d 567, 567 [2010]).
Accordingly, contrary to the plaintiff’s contention, the Supreme Court properly granted the defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) on the ground that a complete defense to the action was founded on documentary evidence (see CPLR 3211 [a] [1]). Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.