■ WENDY BITIC, Appellant, v FATMIR BITIC, Respondent. [47 NYS3d 734]—

Appeal by the plaintiff from a judgment of divorce of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered January 7, 2015. The judgment, insofar as appealed from, awarded the plaintiff child support in the sum of only $750 per month from December 1, 2012, through November 1, 2014, and only $900 per month beginning on December 1, 2014.

Ordered that the judgment of divorce is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action for a divorce and ancillary relief in 2010 after 11 years of marriage, during which two children were born. On November 20, 2012, the parties entered into a stipulation in open court in which, among other things, they agreed that the plaintiff would have sole custody of the children and the defendant would pay a specified amount of

child support, which was less than the presumptive award if calculated pursuant to the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; hereinafter the CSSA). Two months after the stipulation was entered, the plaintiff moved, inter alia, to vacate the child support provisions of the stipulation based on an alleged failure to comply with the mandatory provisions of the CSSA. The Supreme Court denied that branch of the motion. A judgment of divorce was entered January 7, 2015, which incorporated but did not merge the parties' stipulation. The plaintiff appeals.

Parties to a separation agreement are free to "opt out" of the provisions of the CSSA as long as their decision is made knowingly (see Rockitter v Rockitter, 113 AD3d 745, 746 [2014]; Colucci v Colucci, 54 AD3d 710, 712 [2008]; Matter of Dorosky v Herald, 52 AD3d 829, 830 [2008]). To ensure that waivers of the statutory provisions of the CSSA are truly knowingly made, Domestic Relations Law § 240 (1-b) (h) requires that, in order to be valid, a stipulation must recite that the parties have been made aware of the CSSA, and that the basic child support obligation provided for therein would presumptively result in the correct amount. Where the stipulation deviates from the basic child support obligation, it must specify what the presumptive amount would have been and the reason for the deviation (see Domestic Relations Law § 240 [1-b] [h]; Rockitter v Rockitter, 113 AD3d at 746).

Here, the Supreme Court properly found that the child support provisions of the parties' stipulation were valid and enforceable. It is undisputed that the oral stipulation otherwise complied with the requirements of Domestic Relations Law § 240 (1-b) (h), except that it did not include an on-the-record statement of the precise amount of the presumptive child support under the CSSA. Instead, it recited that the parties were entering into the agreement "after having been advised of the calculations pursuant to the [CSSA]," and each party had received a copy of the CSSA and was "fully aware" of the amount the court would award if applying the CSSA based upon the parties' respective incomes. The agreement to deviate from the CSSA was made in exchange for concessions in the distribution of certain marital assets. The plaintiff stated on the record that she understood the terms of the stipulation, which were clear to her, and she had discussed them with her attorney. In addition, the parties' respective federal income tax returns and statements of net worth were incorporated into the record for the purpose of demonstrating "calculations of income for purposes of CSSA." While the better practice would

have been to state for the record the number reflected by those calculations, the statutory requirement was satisfied here, and the record demonstrates that the plaintiff's agreement to the child support provisions of the stipulation was made knowingly (*see Rockitter v Rockitter*, 113 AD3d at 745; *Gallet v Wasserman*, 280 AD2d 296, 297 [2001]; *Blaikie v Mortner*, 274 AD2d 95, 101 [2000]).

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.