■ LISA M. PELLERITO, Also Known as LISA FERBER, Appellant, v MICHAEL T. PELLERITO, Respondent. [50 NYS3d 418]—

Appeal by the plaintiff from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated December 5, 2014. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action and denied the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 14, 2006, the parties entered into a stipulation of settlement (hereinafter the stipulation) with regard to an underlying matrimonial action. The stipulation was subsequently incorporated, but not merged, into a judgment of divorce entered June 15, 2006. In March 2011, the plaintiff commenced this action against the defendant seeking equitable relief and compensatory damages. As relevant here, the first and second causes of action alleged that the child support provisions set forth in the stipulation and the judgment of divorce should be set aside for failure to comply with the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; hereinafter the CSSA). After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The plaintiff cross-moved for leave to amend the complaint to add a cause of action alleging fraudulent inducement. The Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action and denied the plaintiff's cross motion. The plaintiff appeals.

Domestic Relations Law § 240 (1-b) (h) requires that any agreement or stipulation voluntarily entered into between the parties, and presented to the court for incorporation in an order

or judgment, must include provisions: (1) stating that the parties have been advised of the provisions of the CSSA; (2) stating the basic child support provisions of the CSSA would presumptively result in the determination of the correct amount of child support to be awarded; (3) stating what the amount of basic child support would have been if calculated pursuant to the CSSA, if the parties' stipulation or agreement deviates from the basic child support obligation; and (4) setting forth the parties' reason or reasons for deviating from the CSSA calculation, if they have chosen to deviate (*see Cimons v Cimons*, 53 AD3d 125, 127 [2008]; *Bright v Freeman*, 24 AD3d 586, 587 [2005]). Contrary to the plaintiff's contention, the stipulation sufficiently complied with the recital requirements of the CSSA, as set forth in Domestic Relations Law § 240 (1-b) (h) (*see Rockitter v Rockitter*, 113 AD3d 745, 746 [2014]; *McCarthy v McCarthy*, 77 AD3d 1119, 1120 [2010]; *Sullivan v Sullivan*, 46 AD3d 1195, 1197 [2007]; *Lewis v Goldberg*, 6 AD3d 395, 396 [2004]). Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action.

The Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint to add a cause of action alleging fraudulent inducement. Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (*see Edwards v 1234 Pac. Mgt., LLC*, 139 AD3d 658, 659 [2016]; *Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (*Pergament v Roach*, 41 AD3d 569, 572 [2007]; *see Strunk v Paterson*, 145 AD3d 700, 701 [2016]; *Zeleznik v MSI Constr., Inc.*, 50 AD3d 1024, 1025 [2008]). Here, the proposed amendment was patently devoid of merit (*see Cervera v Bressler*, 126 AD3d 924, 925 [2015]; *Sweeney v Sweeney*, 71 AD3d 989, 992 [2010]; *Kojovic v Goldman*, 35 AD3d 65, 68 [2006]; *Rubin v Rubin*, 33 AD3d 983, 984 [2006]).

In light of our determination, we need not address the parties' remaining contentions. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.