■ VIENNA LALIMA, Individually and as Administratrix of the Estate of DOUGLAS LALIMA, Deceased, Appellant, v CONSOLI-

DATED EDISON COMPANY OF NEW YORK, INC., et al., Defendants, et al., Defendant/Third-Party Plaintiff, and VERIZON NEW YORK, INC., Respondent. [58 NYS3d 66]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated June 1, 2015, as denied those branches of her motion which were for leave to amend the complaint to add the third-party defendant, Verizon New York, Inc., as a direct defendant in the action and to assert causes of action against it for negligence, Labor Law violations, intentional spoliation of evidence, impairment of the right to sue, fraudulent concealment, civil contempt, and wrongful death.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's husband, an employee of the third-party defendant, Verizon New York, Inc. (hereinafter Verizon), was killed when, while working from the bucket of an aerial lift truck, he made contact with a high voltage power line owned by the defendant Consolidated Edison Company of New York, Inc. Shortly after the accident, the plaintiff's attorney advised Verizon of her intent to pursue litigation. In the context of a pre-action proceeding in aid of discovery, the parties entered into a stipulation in which Verizon agreed, inter alia, to secure and preserve the truck.

Thereafter, the plaintiff, as administratrix of her husband's estate, and individually, commenced this action against Consolidated Edison Company of New York, Inc., Lewis Tree Service, and the City of New York. Lewis Tree Service commenced a third-party action against Verizon. After Verizon notified the plaintiff that the truck had been vandalized while stored on its lot, the plaintiff retained an expert for the purpose of inspecting the truck. The expert reported that, amongst some other minor damage to the truck, a dead-man's switch which controlled the operation of the aerial lift bucket had been removed. The plaintiff then moved, inter alia, for leave to amend the complaint to add Verizon as a direct defendant in the action, and to assert causes of action against it for negligence, Labor Law violations, intentional spoliation of evidence, impairment of the right to sue, fraudulent concealment, civil contempt, and wrongful death, arguing that, even though Verizon was the decedent's employer, Verizon's spoliation in failing to properly preserve the truck in the same condition as

it was at the time of the accident was so prejudicial that she should be permitted to pursue these claims against Verizon directly. The Supreme Court denied those branches of her motion.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]; *see Pellerito v Pellerito*, 148 AD3d 1040 [2017]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). The subject branches of the plaintiff's motion were properly denied because the proposed amendments were patently devoid of merit.

Workers' Compensation benefits are the exclusive remedy of an employee against his or her employer for injuries or death which occur in the course of employment (*see* Workers' Compensation Law § 11; *Weiner v City of New York*, 19 NY3d 852, 854 [2012]; *Reich v Manhattan Boiler & Equip. Corp.*, 91 NY2d 772, 779 [1998]). As such, to the extent that the proposed amended complaint purports to assert causes of action against Verizon for negligence, Labor Law violations, and wrongful death, those causes of action are barred by the Workers' Compensation Law (*see* Workers' Compensation Law § 11; *De Los Santos v Butkovich*, 126 AD3d 845, 846 [2015]).

Moreover, the proposed causes of action alleging spoliation and impairment of the right to sue are devoid of merit because New York does not recognize spoliation of evidence as an independent tort (*see Ortega v City of New York*, 9 NY3d 69, 83 [2007]), and the impairment of the right to sue claim is a mere restatement of the spoliation claim with a different name.

The proposed fraudulent concealment cause of action is devoid of merit because the general allegation that Verizon did not intend to honor its obligation to preserve the truck alleges a mere misrepresentation of the intention to perform its obligation under the stipulation, which is insufficient to allege fraud (*see Selinger Enters., Inc. v Cassuto*, 50 AD3d 766, 768 [2008]).

The plaintiff's remaining contention is without merit. Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.