Spivak v Spivak (2019 NY Slip Op 07931)





Spivak v Spivak


2019 NY Slip Op 07931


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2018-00953
 (Index No. 58759/17)

[*1]Victor Spivak, respondent,
v
Allison Spivak, appellant.


Miller Zeiderman & Wiederkehr LLP, White Plains, NY (Evan Wiederkehr of counsel), for appellant.
Buonamici & LaRaus, LLP, White Plains, NY (Lawrence B. LaRaus of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated November 30, 2017. The order denied the defendant's motion to vacate the child support provisions set forth in a postnuptial agreement dated November 21, 2016.
ORDERED that the order is affirmed, with costs.
The parties were married in 2006 and have two children together. On November 21, 2016, the parties entered into a postnuptial agreement (hereinafter the agreement), which set forth that in the event either party sought to exercise the right to a divorce, the agreement would be incorporated, but not merged, into a judgment of divorce. Additionally, the agreement provided that the parties would reside separately, that they would have joint legal custody of the children, and that the defendant would have primary physical custody of the children, with parental access to the plaintiff. Further, the agreement set forth the parties' obligations regarding child support, maintenance, and equitable distribution.
In June 2017, the plaintiff commenced this action for a divorce and ancillary relief. The plaintiff sought a judgment of divorce which incorporated, but did not merge, the terms of the agreement. After issue was joined, the defendant moved to vacate the child support provisions of the agreement for failure to comply with the Child Support Standards Act (Domestic Relations Law § 240[1-b] [hereinafter CSSA]). The Supreme Court denied the motion, and the defendant appeals.
Domestic Relations Law § 240(1-b)(h) requires that any agreement or stipulation voluntarily entered into between the parties, and presented to the court for incorporation in an order or judgment, must include provisions: (1) stating that the parties have been advised of the provisions of the CSSA; (2) stating the basic child support provisions of the CSSA would presumptively result in the determination of the correct amount of child support to be awarded; (3) stating what the amount of basic child support would have been if calculated pursuant to the CSSA, if the parties' stipulation or agreement deviates from the basic child support obligation; and (4) setting forth the parties' reason or reasons for deviating from the CSSA calculation, if they have chosen to deviate [*2](see Cimons v Cimons, 53 AD3d 125, 127; Bright v Freeman, 24 AD3d 586, 587). Contrary to the defendant's contention, the agreement sufficiently complied with the recital requirements of the CSSA, as set forth in Domestic Relations Law § 240(1-b)(h) (see Pellerito v Pellerito, 148 AD3d 1040, 1041; Bitic v Bitic, 148 AD3d 664; Rockitter v Rockitter, 113 AD3d 745, 746).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion to vacate the child support provisions of the agreement.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court