Lopez-Lobo v U.S. Nonwovens Corp. (2020 NY Slip Op 01053)





Lopez-Lobo v U.S. Nonwovens Corp.


2020 NY Slip Op 01053


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-01264
 (Index No. 601189/16)

[*1]Jesus Humberto Lopez-Lobo, etc., respondent, 
v
U.S. Nonwovens Corp., et al., appellants.


Churbuck Calabria Jones & Materazo, P.C., Hicksville, NY (Anthony F. Tagliagambe and Nicholas P. Calabria of counsel), for appellants.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Beth S. Gereg, Joseph Bavaro, and Daniel Justus Solinsky of counsel), for respondent.



DECISION & ORDER
In an action, in effect, to recover damages for spoliation of evidence, the defendants appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated January 6, 2017. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff commenced this action against his employer, the defendant U.S. Nonwovens Corp. (hereinafter USNC), and the defendants Shevin Zede and Marvin Kagan, who the plaintiff alleges were employees of USNC (hereinafter collectively the defendants), alleging, inter alia, that he sustained injuries when he fell off a forklift platform while he was working. The plaintiff alleges that the defendants negligently destroyed and/or failed to preserve the forklift platform, which deprived him of the ability to determine the manufacturer of the platform and impaired his right to sue a third-party tortfeasor.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, on the ground, inter alia, that New York does not recognize the independent tort of spoliation. By order dated January 6, 2017, the Supreme Court, among other things, denied the defendants' motion. The defendants appeal from so much of the order as denied their motion.
The Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Kupersmith v Winged Foot Golf Club, Inc., 38 AD3d 847, 848).
Here, the plaintiff's sole purported cause of action seeks to recover for the negligent [*2]impairment of an employee's right to sue, which is, in effect, an allegation of spoliation (see LaLima v Consolidated Edison Co. of N.Y., Inc., 151 AD3d 832, 834), and New York does not recognize spoliation of evidence as an independent tort (see Ortega v City of New York, 9 NY3d 69, 83; LaLima v Consolidated Edison Co. of N.Y., Inc., 151 AD3d at 834). Since the plaintiff does not have a cognizable cause of action under New York law, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
We need not reach the defendants' remaining contentions in light of our determination.
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court