Hayter v Hayter (2020 NY Slip Op 03099)





Hayter v Hayter


2020 NY Slip Op 03099


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2017-05153
2017-11063
2017-11064
2018-01399
2018-01400
 (Index No. 69293/13)

[*1]Daniel Hayter, appellant,
v
Emma Hayter, respondent.


Frasilie Stinvil, New York, NY, for appellant.
Guttridge & Cambareri, P.C., White Plains, NY (John C. Guttridge, Jo-Ann Cambareri, and Scott Stone of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Janet Malone, J.), dated April 28, 2017, (2) an order of the same court dated August 21, 2017, (3) an order of the same court also dated August 21, 2017, (4) an order of the same court dated October 18, 2017, and (5) a money judgment of the same court also dated October 18, 2017. The order dated April 28, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, to set aside the child support provisions in the parties' stipulation of settlement or, in the alternative, for a downward modification of his child support obligation. The first order dated August 21, 2017, insofar as appealed from, in effect, denied that branch of the plaintiff's cross motion which was to set aside the provision in the judgment of divorce requiring him to pay 50% of the parties' children's private school tuition. The second order dated August 21, 2017, insofar as appealed from, in effect, granted that branch of the defendant's cross motion which was for an award of child support arrears and counsel fees, and awarded the defendant the sum of $164,016.68, representing arrears for basic child support, health insurance, private school tuition, extracurricular activities for the children, and marital debt due and owing through May 22, 2017. The order dated October 18, 2017, insofar as appealed from, granted the defendant's motion for counsel fees and expenses. The money judgment dated October 18, 2017, upon the second order dated August 21, 2017, is in favor of the defendant and against the plaintiff in the principal sum of $164,016.68.
ORDERED that the appeal from the second order dated August 21, 2017, is dismissed, as that order was superseded by the money judgment; and it is further,
ORDERED that the order dated April 28, 2017, the first order dated August 21, 2017, and the order dated October 18, 2017, are affirmed insofar as appealed from; and it is further,
ORDERED that the money judgment dated October 18, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The parties were married in 1999 and have two children. In 2013, the husband commenced this action for a divorce and ancillary relief and in 2015, the parties entered into a stipulation of settlement resolving, among other things, issues of child support. Pursuant to the stipulation of settlement, the parties opted out of the provisions of the Child Support Standards Act (hereinafter CSSA), and the plaintiff agreed to pay the sum of $7,000 per month in basic child support. Thereafter, on May 22, 2015, a judgment of divorce was entered which incorporated but did not merge the parties' stipulation of settlement. In November 2016, the plaintiff moved, inter alia, in effect, to set aside the child support provisions of the stipulation of settlement or, in the alternative, for a downward modification of his child support obligation. In an order dated April 28, 2017, the Supreme Court, among other things, denied that branch of the plaintiff's motion.
"Domestic Relations Law § 240(1-b)(h) requires that any agreement or stipulation voluntarily entered into between the parties, and presented to the court for incorporation in an order or judgment, must include provisions: (1) stating that the parties have been advised of the provisions of the CSSA; (2) stating the basic child support provisions of the CSSA would presumptively result in the determination of the correct amount of child support to be awarded; (3) stating what the amount of basic child support would have been if calculated pursuant to the CSSA, if the parties' stipulation or agreement deviates from the basic child support obligation; and (4) setting forth the parties' reason or reasons for deviating from the CSSA calculation, if they have chosen to deviate" (Pellerito v Pellerito, 148 AD3d 1040, 1040-1041).
Here, contrary to the plaintiff's contention, the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, complied with the above requirements. Thus, the plaintiff knowingly opted out of the statutory provisions of the CSSA (see Bitic v Bitic, 148 AD3d 664).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court