Haik v Haik (2021 NY Slip Op 04599)





Haik v Haik


2021 NY Slip Op 04599


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-01769
 (Index No. 201669/14)

[*1]Noam Haik, respondent,
v
Samira Haik, etc., appellant.


Sandra Stines, Westbury, NY, for appellant.
Michael L. Soshnick (Mary Ellen O'Brien, Saratoga Springs, NY, of counsel), for respondent.
Barry J. Fisher, Garden City, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered December 26, 2019. The judgment of divorce, upon an order of the same court dated September 10, 2019, denying those branches of the defendant's motion which were to vacate certain provisions of an oral stipulation of settlement entered into in open court on January 31, 2019, inter alia, incorporated but did not merge those provisions of the oral stipulation of settlement into the judgment of divorce, and thereupon determined that no child support would be paid by the plaintiff to the defendant and that the parties would each pay 50% of the costs of the children's unreimbursed health care expenses.
ORDERED that the judgment of divorce is modified, on the law, by deleting the provisions thereof incorporating but not merging the provisions of the oral stipulation of settlement entered into in open court on January 31, 2019, concerning basic child support and allocation of unreimbursed health care expenses, and thereupon determining that no child support would be paid by the plaintiff to the defendant and that the parties would each pay 50% of the costs of the children's unreimbursed health care expenses; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, those branches of the defendant's motion which were to vacate the provisions of the oral stipulation of settlement entered into in open court on January 31, 2019, concerning basic child support and allocation of unreimbursed health care expenses are granted, the order dated September 10, 2019, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the parties' basic child support obligation, including the parties' prorated contributions towards reasonable unreimbursed health care expenses, in accordance with the Child Support Standards Act, and thereafter for the entry of an amended judgment of divorce.
The plaintiff and the defendant were married in 2012 and have two children. In 2014, the plaintiff commenced this action for a divorce and ancillary relief. On January 31, 2019, the parties entered into an oral stipulation of settlement in open court, whereby, among other things, they agreed to waive equitable distribution and child support, and to share equally the costs of the [*2]children's unreimbursed health care expenses.
The defendant thereafter moved, inter alia, to vacate the foregoing provisions of the stipulation of settlement. The Supreme Court denied those branches of the motion in an order dated September 10, 2019. On December 26, 2019, the court entered a judgment of divorce which, among other things, incorporated but did not merge the stipulation of settlement, and thereupon directed that no child support would be paid by the plaintiff to the defendant and that the parties would each pay 50% of the costs of the children's unreimbursed health care expenses. The defendant appeals.
Parties to a separation agreement are free to "opt out" of the provisions of the Child Support Standards Act (Domestic Relations Law § 240[1-b] [hereinafter the CSSA]) "so long as their decision is made knowingly" (Rockitter v Rockitter, 113 AD3d 745, 746). To ensure that waivers of the statutory provisions of the CSSA are truly knowingly made, Domestic Relations Law § 240(1-b)(h) requires that stipulations of settlement include provisions: "(1) stating that the parties have been advised of the provisions of the CSSA; (2) stating that the basic child support provisions of the CSSA would presumptively result in the determination of the correct amount of child support to be awarded; (3) stating what the amount of basic child support would have been if calculated pursuant to the CSSA, if the parties' stipulation or agreement deviates from the basic child support obligation; and (4) setting forth the parties' reason or reasons for deviating from the CSSA calculation, if they have chosen to deviate" (Cimons v Cimons, 53 AD3d 125, 127; see Rockitter v Rockitter, 113 AD3d at 746). "The policy reasons underlying the requirement that waivers must be knowingly made are so strong that agreements that do not comply with the strictures of the CSSA are invalid and unenforceable, at least to the extent of the child support provisions set forth therein" (Rockitter v Rockitter, 113 AD3d at 746; see Cimons v Cimons, 53 AD3d at 129).
Here, the child support provisions in the parties' stipulation of settlement did not include any of the foregoing recitals, including a calculation of basic child support pursuant to the CSSA. Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were to vacate the child support provisions of the stipulation of settlement, as well as the provision allocating unreimbursed health care expenses, which is "directly connected with the basic child support calculation" (Cimons v Cimons, 53 AD3d at 131; see Young v Young, 142 AD3d 612, 613-614; Ntourmas v Ntourmas, 126 AD3d 957, 957-958; O'Hanlon v O'Hanlon, 114 AD3d 915, 917; Bushlow v Bushlow, 89 AD3d 663, 664-665).
Contrary to the defendant's contention, the Supreme Court properly denied that branch of her motion which was to vacate the equitable distribution provision of the stipulation of settlement, and properly incorporated same into the judgment of divorce. "A stipulation of settlement which is made in open court by parties who are represented by counsel and who unequivocally agree to its terms will not be set aside absent a showing that the stipulation was tainted by mistake, fraud, duress, overreaching or unconscionability" (O'Hanlon v O'Hanlon, 114 AD3d 915, 915-916 [internal quotation marks omitted]; see Davenport v Davenport, 192 AD3d 987; Hymowitz v Hymowitz, 119 AD3d 736, 740). Here, the defendant failed to demonstrate any basis for disturbing the parties' agreement as to equitable distribution (see Davenport v Davenport, 192 AD3d 987; Estate of Reid v Reid, 158 AD3d 666, 667; O'Hanlon v O'Hanlon, 114 AD3d at 916; see also Cohen v Cohen, 187 AD3d 707, 709).
The defendant's remaining contentions are without merit.
In light of the foregoing, we must remit the matter to the Supreme Court, Nassau County, for a determination of the parties' basic child support obligation, including the parties' prorated contributions towards reasonable unreimbursed health care expenses, in accordance with the CSSA.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court