Poirier v Demasi (2022 NY Slip Op 00448)





Poirier v Demasi


2022 NY Slip Op 00448


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-07970
 (Index No. 2618/11)

[*1]Stephane R. Poirier, appellant,
v
Noelle M. Demasi, respondent.


Friedman & Friedman, PLLC, White Plains, NY (David M. Rubenstein of counsel), for appellant.
Joseph J.A. Tringali, Sr., Scarsdale, NY for respondent.



DECISION & ORDER
In an action, inter alia, to vacate the child support provisions set forth in a stipulation of settlement and judgment of divorce, the plaintiff appeals from an order of the Supreme Court, Westchester County (Laurie I. Sullivan, Ct. Atty. Ref.), dated June 5, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the causes of action to vacate the child support provisions of the stipulation of settlement and judgment of divorce and granted, without a hearing, that branch of the defendant's cross motion which was for summary judgment on the counterclaim for an award of child support arrears accruing between 2010 and 2014 in the sum of $24,426.75.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant married in 2000 and have three children together. On November 11, 2009, they entered into a written stipulation of settlement (hereinafter stipulation), which was incorporated but not merged into a subsequent judgment of divorce dated April 29, 2010. The stipulation provided, inter alia, that the plaintiff would pay child support pursuant to a formula differing from that set forth in the Child Support Standards Act (Domestic Relations Law § 240[1-b] [hereinafter the CSSA]).
The plaintiff commenced this action, inter alia, to set aside the child support provisions of the stipulation and judgment of divorce. In her amended answer, the defendant asserted a counterclaim for child support arrears. The plaintiff moved, among other things, for summary judgment on the causes of action to vacate the child support provisions of the stipulation and judgment of divorce as violative of Domestic Relations Law § 240 and as unconscionable. The defendant opposed the motion and cross-moved, inter alia, for summary judgment on her counterclaim for an award of basic support arrears accruing from 2010 to 2014. In an order dated June 5, 2019, the Supreme Court, inter alia, found that the child support provisions of the stipulation and judgment of divorce did not violate Domestic Relations Law § 240 and were not unconscionable, and awarded the defendant basic child support arrears accruing between 2010 and 2014 in the sum of $24,426.75. The plaintiff appeals. We affirm the order insofar as appealed from.
The Supreme Court properly denied those branches of the plaintiff's motion which [*2]were for summary judgment on the causes of action to vacate the child support provisions of the stipulation and judgment of divorce. "Parties to a separation agreement are free to 'opt out' of the provisions of the [CSSA] 'so long as their decision is made knowingly'" (Haik v Haik, 197 AD3d 465, 467, quoting Rokitter v Rockitter, 113 AD3d 745, 746). "To ensure that waivers of the statutory provisions of the CSSA are truly knowingly made, Domestic Relations Law § 240(1-b)(h) requires that stipulations of settlement include provisions: '(1) stating that the parties have been advised of the provisions of the CSSA; (2) stating that the basic child support provisions of the CSSA would presumptively result in the determination of the correct amount of child support to be awarded; (3) stating what the amount of basic child support would have been if calculated pursuant to CSSA, if the parties' stipulation or agreement deviates from the basic child support obligation; and (4) setting forth the parties' reason or reasons for deviating from the CSSA calculation, if they have chosen to deviate'" (Haik v Haik, 197 AD3d at 467, quoting Cimons v Cimons, 53 AD3d 125, 127). Contrary to the plaintiff's contention, the provisions of the stipulation and judgment of divorce regarding the plaintiff's obligation to pay basic child support and a certain portion of add-on expenses sufficiently complied with the recital requirements of the CSSA, as set forth in Domestic Relations Law § 240(1-b)(h) (see Spivak v Spivak, 177 AD3d 660, 661).
"An agreement between spouses or prospective spouses which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (Hof v Hof, 131 AD3d 579, 579-580). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Morad v Morad, 27 AD3d 626, 627; see Christian v Christian, 42 NY2d 63, 70-72). "An agreement, however, is not unconscionable 'merely because, in retrospect, some of its provisions were improvident or one-sided'" (Hof v Hof, 131 AD3d at 580, quoting O'Lear v O'Lear, 235 AD2d 466, 466). Here, the plaintiff failed to establish, prima facie, that the child support provisions of the stipulation and judgment of divorce were unconscionable.
Additionally, the Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment on her counterclaim for basic child support arrears accruing between 2010 and 2014 without first holding a hearing. "A party to a matrimonial action may make an application for a judgment directing the payment of arrears at any time prior to or subsequent to the entry of a judgment of divorce" (Uttamchandani v Uttamchandani, 175 AD3d 1460, 1461; see Domestic Relations Law § 244). A "hearing should be held" where the opposing party raises a triable issue of fact as to the amount or legitimacy of the arrears demanded (Uttamchandani v Uttamchandani, 175 AD3d at 1461; see Vogel v Vogel, 12 AD3d 592, 592-593).
Here, the defendant established her entitlement to basic child support arrears accruing between 2010 and 2014. Contrary to the plaintiff's contention, the defendant's request for such arrears did not impermissibly seek to reform the parties' stipulation by postjudgment motion (see Luisi v Luisi, 6 AD3d 398, 399-401). Her cross motion instead sought basic support arrears accruing in accordance with the stipulation as originally written (see Domestic Relations Law § 244). The plaintiff failed to identify any triable issues of fact in opposition. The plaintiff's unsubstantiated allegations as to the veracity of the defendant's tax filings were in particular insufficient to raise a triable issue of fact as to the amount or validity of the arrears in question. The defendant was therefore entitled to the basic child support arrears accruing between 2010 and 2014 in the amount of $24,426.75 (see Domestic Relations Law § 244; Beckmann v Beckmann, 160 AD3d 799, 800-801).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court