Matter of Lillian G. (Steven G.--Gary G.) (2022 NY Slip Op 05086)

Matter of Lillian G. (Steven G.--Gary G.)

2022 NY Slip Op 05086

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2019-03564
 (Index No. 100321/16)

[*1]In the Matter of Lillian G. (Anonymous). Steven G. (Anonymous), petitioner-respondent; Gary G. (Anonymous), appellant; Judy Mock, etc., et al., respondents.

Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for appellant.
Armstrong & Lamberti, PLLC, Staten Island, NY (Anthony J. Lamberti of counsel), for petitioner-respondent.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Gary G. appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 5, 2019. The order, insofar as appealed from, in effect, denied those branches of his motion which were to enforce an order of the same court dated October 24, 2017, directing the guardian of the property of Lillian G., Judy Mock, to reimburse him for legal fees in the sum of $28,500 from the guardianship estate, and to vacate a stipulation dated April 4, 2017.
ORDERED that the order dated March 5, 2019, is affirmed insofar as appealed from, with costs.
The petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Lillian G. (hereinafter Lillian), his mother, an alleged incapacitated person. It is not disputed that the petitioner's brother, Gary G. (hereinafter Gary), had been managing Lillian's affairs and had borrowed money from her accounts for his personal use. The Supreme Court adjudged Lillian to be an incapacitated person, appointed Judy Mock as the guardian of Lillian's property, and appointed the petitioner and Gary as the co-guardians of Lillian's person. Pursuant to a stipulation dated April 4, 2017, Gary agreed, among other things, to provide documentation to substantiate that he returned the sums of $100,000, $77,586.26, and $77,591 to Lillian's accounts, and to remove his name from any and all joint accounts that he held with Lillian. The stipulation further provided that Mock would have the authority to change the beneficiary designation for a Hartford Annuity so that the petitioner and Gary were equal beneficiaries, with the understanding that they would be equal beneficiaries on all accounts, and that the petitioner would execute a general release to Gary. These provisions of the stipulation were also set forth in an order and judgment dated June 19, 2017.
In an order dated October 24, 2017, the Supreme Court directed Mock to reimburse Gary for legal fees in the sum of $28,500 from the guardianship estate. In an order dated March 12, 2018, the court conditioned the reimbursement of the $28,500 in legal fees on Gary providing a full accounting and on his submission of proof that he had returned all funds to Lillian's accounts and [*2]removed his name from those accounts.
Lillian died on June 8, 2018. Gary moved, inter alia, to discharge Mock due to Lillian's death, to enforce the order dated October 24, 2017, and to vacate the stipulation dated April 4, 2017, due to the alleged breach by Mock in failing to change the beneficiary designation for the Hartford Annuity so that the petitioner and Gary were equal beneficiaries, and the alleged breach by the petitioner in failing to execute a general release to Gary. In an order dated March 5, 2019, the Supreme Court, inter alia, in effect, denied those branches of Gary's motion. Gary appeals.
"Stipulations of settlement, especially those whose terms are placed on the record in open court, are judicially favored, and absent a showing of fraud, overreaching, mistake, or duress, the stipulation should not be disturbed by the court" (Perry v McMahan, 164 AD3d 1490, 1491; see Hallock v State of New York, 64 NY2d 224, 230). "It is the party seeking to set aside the stipulation of settlement who has the burden of showing that the agreement was the result of fraud, duress, or overreaching, or that its terms were unconscionable" (Sweeney v Sweeney, 71 AD3d 989, 992; see Osipova v Silverberg, 200 AD3d 993). "[A]n agreement will not be overturned merely because it was improvident, not the most advantageous to the dissatisfied party, or because a party had a change of heart" (Osipova v Silverberg, 200 AD3d at 993 [internal quotation marks omitted]). "[A]n unconscionable bargain has been regarded as one such as no person in his or her senses and not under delusion would make on the one hand, and as no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Christian v Christian, 42 NY2d 63, 71 [citations, alterations, and internal quotation marks omitted]; see Poirier v Demasi, 201 AD3d 977, 979; O'Hanlon v O'Hanlon, 114 AD3d 915, 916).
Here, Gary failed to establish that the stipulation dated April 4, 2017, was unconscionable on its face. Each party had duties and obligations thereunder. The terms of the stipulation were not so inequitable as to shock the conscience and confound the judgment of any person of common sense so as to set it aside as unconscionable (see Poirier v Demasi, 201 AD3d at 979; Stanecky v Stanecky, 200 AD3d 819, 821; Jaspar Holdings, LLC v Gotham Trading Partners #1, LLC, 186 AD3d 582, 585). Furthermore, Gary was represented by counsel at the time that he executed the stipulation and unequivocally agreed to its terms (see Haik v Haik, 197 AD3d 465, 468; Matter of Varone Irrevocable Trust, 195 AD3d 728, 730). Accordingly, the Supreme Court properly, in effect, denied that branch of Gary's motion which was to vacate the stipulation dated April 4, 2017.
Further, Gary failed to establish that he had provided a full accounting of the money expended by him from Lillian's funds, as required by the March 12, 2018 order. Accordingly, the Supreme Court properly, in effect, denied that branch of his motion which was to enforce the order dated October 24, 2017, directing Mock to reimburse him for legal fees in the sum of $28,500.
Gary's remaining contention is not properly before this Court.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court