Sayles v Sayles (2023 NY Slip Op 04968)

Sayles v Sayles

2023 NY Slip Op 04968

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-02020
 (Index No. 612219/21)

[*1]Robin Sayles, appellant, 
v
Bertram Sayles, respondent.

The Sallah Law Firm, P.C., Holtsville, NY (Dean J. Sallah of counsel), for appellant.
Harvey A. Arnoff, Riverhead, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Valerie M. Cartright, J.), dated March 4, 2022. The order denied the plaintiff's motion, inter alia, to set aside and vacate certain provisions of a separation agreement.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to set aside and vacate the provisions in the parties' separation agreement pertaining to the defendant's child support obligation upon the emancipation of the parties' first child, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings concerning the defendant's child support obligation upon the emancipation of the parties' first child in accordance with the Child Support Standards Act.
The parties were married in 1996 and have two children. In May 2012, the parties entered into a separation agreement resolving the issues, inter alia, of custody and child support. The parties agreed that the defendant would pay child support in the sum of $1,200 per month for the parties' two children, an amount that was specified in the agreement to be less than the presumptively correct amount of support that would have been calculated pursuant to the Child Support Standards Act (hereinafter the CSSA), and also agreed that the defendant would pay child support in the sum of $600 per month upon the emancipation of the parties' first child.
In 2021, the plaintiff commenced this action for a divorce and ancillary relief. Shortly thereafter, the plaintiff moved, among other things, to set aside and vacate the child support provisions of the separation agreement requiring the defendant to pay $600 per month in child support upon the emancipation of the parties' first child and to direct the defendant to pay the presumptively correct amount of child support for one child in accordance with the CSSA. The plaintiff argued that the parties' separation agreement failed to comply with the recital requirements of the CSSA (see Domestic Relations Law § 240[1-b][h]). The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Parties to a separation agreement are free to 'opt out' of the provisions of the CSSA so long as their decision is made knowingly" (Rockitter v Rockitter, 113 AD3d 745, 746). "To [*2]ensure that waivers of the statutory provisions of the CSSA are truly knowingly made, Domestic Relations Law § 240(1-b)(h) requires that, in order to be valid, a stipulation must recite that the parties have been made aware of the CSSA, and that the basic child support obligation provided for therein would presumptively result in the correct amount. Where the stipulation deviates from the basic child support obligation, it must specify what the presumptive amount would have been and the reason for the deviation" (Bitic v Bitic, 148 AD3d 664, 665; see Hayter v Hayter, 184 AD3d 553).
Here, contrary to the determination of the Supreme Court, the provisions in the parties' separation agreement relating to the child support obligations with respect to one child did not contain the specific recitals mandated by the CSSA, and the record does not demonstrate that the plaintiff's agreement to said provisions was made knowingly. Accordingly, the provisions are not enforceable (see Haik v Haik, 197 AD3d 465; Warnecke v Warnecke, 12 AD3d 502), and we remit the matter to the Supreme Court, Suffolk County, for further proceedings concerning the defendant's child support obligation upon emancipation of the parties' first child in accordance with the CSSA.
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court